On Motion to Dismiss the Appeal.
BREAUX, C. J.
Jacob Maas & Co., Limited, one of the defendants, took a suspensive appeal from a judgment for plaintiff on July 5, 1910, against it, the said firm, and the A. Marx Picture Frame Company, Limited, in solido.
The judgment appealed from, as just stated, was signed on the 28th day of June, 1910.
The said appellant, Jacob Maas & Co., Limited, applied for this appeal by motion in open court in vacation; that is, on the 5th day of July, 1910.
According to law, the court’s term terminated on the 1st day of July, 1910.
The ground of dismissal is that the order granting a suspensive appeal was rendered upon motion in open court, made by the attorney for Jacob Maas & Co., Limited, on a day after the expiration of the term of the civil district court, which reopened on the 15th day of October, 1910.
The judgment, as before stated, was signed on the 28th day of June, 1910, prior to the adjournment for the vacation.
The appellee urges as an additional ground that the appeal bond was signed out of term time.
We will state that, subsequent to the dates above mentioned, the defendants and appellants moved for and obtained a devolutive appeal and furnished bond.
*152 They asked to reserve their rights under the first appeal;
We have no concern with these last-mentioned appeals.
Appellee directs his attention exclusively to the asserted nullity of the first — the suspensive appeal.
No question but that a motion for a suspensive appeal, to serve as a notice on the appellee, must he made in open court. The language of the Code is plain.
When the appeal has been granted upon motion in open court, the judge shall grant the appeal, if party applying has a right to an appeal.
In such a ease no citation of appeal or other notice shall be necessary. Code of Practice, art. 573.
There was no motion submitted in open court.
The question of vacation of the court and the termination of the term has been considered in several cases.
Although the case is not directly germane, this court had occasion to consider a somewhat similar point in Conery v. His Creditors, 118 La. 864, 43 South. 531.
Although in that case there was authority, the court found, to issue the order that had been issued at chambers, if the court had not that authority in the language of the statute, plaintiff’s demand would not have been rejected. It would have been granted.
The issue involved here was directly decided in McGaw v. O’Bierne, 124 La. 989, 50 South. 819, and in Hardy v. Stevenson, 27 La. Ann. 95. There was no “authority” found in this last ease.
In the former ease, the court went further than there is any necessity of holding in this case in order to arrive at the conclusion that the appeal must be dismissed.
In the first of the two cases just cited, the court directly held that an appeal taken in vacation, even though taken in open court, was not such an appeal as dispensed the appellant from giving proper and sufficient notice to the appellee; that such an order of appeal must be obtained by petition and due service made.
Although Act No. 94, p. 117, of 1898, was limited to the country parishes, it is significant that it contains express provisions authorizing the judge to grant an order of appeal and to fix the appeal bond at chambers.
The motion is regularly before us. We must decline referring it to the merits, as under the rule of this court it is called and submitted in due course.
Questions are to be decided as they come up. There can be or should be no delay, if not actually necessary.
The motion to dismiss is sustained, and the appeal dismissed.