No. 10,282
Orleans

H. H. MARSH, Appellant, v. A. G. AVEGNO

(February 1, 1926, Opinion and Decree)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Appeal—Par. 608.**

The record showing that the appeal was granted "on motion", the presumption follows that the motion was made "in open court".

2. **Louisiana Digest—Appeal—Par. 356.**

The appeal having been granted "on motion in open court" no citation was necessary.

3. **Louisiana Digest—Pleading—Par. 29.**

Under a prayer for general relief the court may render such a judgment as would be given in a new suit to avoid circuity of action.

Appeal from First City Court, Division "A". Hon. W. Alex. Bahns, Judge.

This is a suit for broker's commission for the sale of immovables. The defendant pleaded an exception no cause of action, which was maintained.

Plaintiff appealed.

Judgment reversed and case remanded to be tried upon the merits.

George Piazzo, of New Orleans, attorney for plaintiff, appellant.

John R. Upton, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for broker's commission for the sale of immovables.

The plaintiff alleged that he was a real estate broker for the parish of St. Tammany; that about July 1, 1924, defendant placed in his hands for sale a piece of real estate situated in the parish of St. Tammany with the understanding that should the plaintiff find a purchaser for said property that the defendant would pay him the customary commission of real estate brokers in St. Tammany of ten per cent on the price of sale; that in May, 1925, the plaintiff introduced to the defendant Mrs. Fontana as a prospective purchaser, and in company with defendant showed her the property; that shortly after this visit defendant told the plaintiff that he might sell the property to Mrs. Fontana more readily if he were permitted to deal directly with her; the defendant then agreed to pay plaintiff one hundred and fifty dollars in case of sale of said property to Mrs. Fontana, to which plaintiff agreed; that on June 28, 1923, the defendant sold said property to Mrs. Fontana for three thousand dollars but has refused to pay plaintiff any part of the commission due him. Plaintiff claims $300.00.

The defendant pleaded that the petition "discloses no right or cause of action."

The following judgment was rendered:

"It is ordered by the court that said exceptions be maintained and, accordingly, that the plaintiff's demand be rejected."

On motion of the plaintiff he was allowed an appeal from said judgment.

In this court the defendant and appellee has moved to dismiss the appeal on the following grounds:

First: That the record in this case does not show that an appeal was granted to plaintiff and appellant "in open court".

Second: The motion for and the order granting the appeal do not direct that the defendant and appellee be cited to appear and answer the appeal, nor was he so cited.

The order of appeal reads as follows:

"On motion of Howard H. Marsh, through his attorney, George Piazza, and on suggesting to the court that mover is aggrieved by the judgment, etc., and that mover desires to appeal, etc., it is ordered, etc."

1. The record showing that the appeal was granted "on motion", the presumption follows that the motion was made in open court. Swain vs. Globe Lumber Co., 144 La. 207, 80 South. 256; Washburn vs. Frank, 31 La. Ann. 427; Gaidry vs. Lyons, 29 La. Ann. 4. "Omnia presumuntur rite acta."

In the case of Scrants vs. Sonnier, 2 La. App. 182, quoted by appellee, the court said:

"The minutes in the case bear out and substantiate the allegations in the motion (to dismiss) to the effect that the appeal was not granted in open court."

2. The appeal having been granted by motion in open court no citation was necessary. C. P. 574; Swain vs. Globe Lumber Co., 144 La. 207, 80 South. 256; Frederick vs. Marx Picture Frame Co., 127 La. 149, 53 South. 474; Guy vs. McDuffie, 123 La. 641, 49 South. 222; Glain vs. Sparandeo, 119 La. 339, 44 South. 120; Randolph vs. Sentilles, 110 La. 419, 34 South. 587.

## ON THE EXCEPTIONS

The exception is based upon the theory that plaintiff claims $300.00 upon the first contract, while his petition alleges that this contract was abrogated and a new one substituted for $150.00.

The plaintiff's contention is that, inasmuch as the defendant has refused to carry out his second contract, it falls and the first takes its place. It cannot be contended that if the allegations of the petition are true that the plaintiff is entitled neither to $300.00 nor to $150.00. It is for the court to determine to what amount he is entitled.

There can be no doubt that if the plaintiff had prayed for $150.00 he would have disclosed a cause of action. His prayer claiming $300.00 may be an erroneous conclusion of law which cannot prejudice him. If we find that plaintiff is not entitled to $300.00 we may give him judgment for $150.00 if the testimony shows that he is entitled to that sum.

Under the prayer for general relief the court may render such judgment as would be given in a new suit to avoid circuity of action. 1 H. D., p. 734, No. 5; Smith vs. Corcoran, 7 La. Ann. 46; Ice and Distilled Water Mfg. Co. vs. Anderson, 106 La. 55, 30 South. 270; Douglas vs. Gyulai, 144 La. 216, 80 South. 258; 16 U. S. 432; 180 U. S. 279.

It is therefore ordered that the judgment appealed from be reversed; that the exception of no right or cause of action be overruled, and that this case be remanded to be tried upon the merits, plaintiff and appellee to pay costs of appeal, costs of the District Court to await the final judgment herein.