No. ——

First Circuit

---

**OPELOUSAS FINANCE COMPANY, INC.,**

**v. ROOS**

---

(January 5, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 283.**

Regardless of how many orders of appeal have been granted there is no appeal until the bond is given.

2. **Louisiana Digest — Appeal — Par. 510, 526.**

The court, having the right to dismiss an appeal ex proprio motu in which the court has not jurisdiction, it matters

not if motion to dismiss was filed too late where dismissal is on jurisdictional matters.

3. **Louisiana Digest—Appeal—Par. 365.**

A mere service from the extract of minutes of the court showing that devolutive appeal had been taken does not conform to the requirements for a citation of appeal as provided by Articles 581, 582, 583 of the Code of Practice.

4. **Louisiana Digest — Appeal — Par. 374, 375.**

Failure of appellant to have citation of appeal issued and served in accordance with Code of Practice, Articles 581, 582 and 583, entitled appenee to a dismissal of the appeal.

Appeal from the Parish of St. Landry. Hon. B. H. Pavy, Judge.

Action by Opelousas Finance Company, Inc., against Mrs. Emma Rocs, wife of Jonas Roos.

There was judgment for defendant and plaintiff appealed.

Appeal dismissed.

Sandoz & Sandoz, of Opelousas, attorney for plaintiff, appellant.

Dubuisson, Perrault & Burleigh, of Opelousas, attorneys for defendant, appellee.

MOUTON, J. An appeal was granted plaintiff in this case on July 15th, 1927, and was made returnable to this court September 14th, 1927.

On September 17th, 1927, three days subsequent to the return day of this appeal, another appeal was taken herein by plaintiff, and which was made returnable to this court on October 17th, 1927. The order granting this second appeal, as appears from the minutes of the court, is as follows: "On motion of counsel for plaintiff, a devolutive appeal is hereby granted to said plaintiff made returnable to the Honorable Court of Appeal, First Circuit of

Louisiana, on October 17th, 1927, upon its furnishing bond in the sum of $25.00."

The two orders of appeal were granted in open court but at different terms. Two motions were filed by defendant, appellee, to dismiss both appeals. Only one appeal bond was furnished and which was executed on September 17th, 1927, being three days after the expiration of the return day of the first appeal. Obviously, this bond was not intended and could not serve for that appeal which was therefore not perfected.

"There is no appeal until the bond is given, it matters not how many orders of appeal have ben granted." Earhart vs. New Orleans & Carrollton R. Co., 17 La. Ann. 243; Gagneaux vs. Desornier, 104 La. 648, 29 So. 282; Mortee vs. Edwards, 20 La. Ann. 236.

As there was no appeal under the first order on account of failure on the part of plaintiff to file the bond in proper time, this court can have no jurisdiction of the case under that order, thus presenting a jurisdictional fact of which we should take cognizance ex proprio motu. Gagneaux vs. Desonier, 104 La. 648, 29 So. 282.

Counsel for plaintiff contended in oral argument, as per notation in the records, that the motion to dismiss the appeal on the first order had been filed too late for consideration.

There is no merit in this contention, as we can of our own motion, in such a case, dismiss the appeal for lack of jurisdiction. It also appears that the second order was filed in this court after the return day, fixed for the first appeal, had expired, which, independently of any other cause, offers a legal reason for its dismissal.

The reason urged for the dismissal of the second appeal is founded on the complaint that there was no citation of appeal prayed for by plaintiff, nor service of citation on appellee. The only document served on appellee consisted of a certified copy of the minute entry of the lower court, above reproduced, which attested to the fact that a devolutive appeal had been taken by plaintiff returnable to this court on October 17, 1927. Code of Practice, Article 581, says: "The clerk shall deliver a copy of the petition of appeal to the sheriff, to be served on the appellee, together with a citation to appear before the Court of Appeal to answer with in the delay hereinafter prescribed." The appellee must be cited to appear before the Court of Appeal at its next term, says Article 583, C. P., Article 582, provides for the service of the petition and citation on the appellee. It is evident that the mere service of the extract from the minutes of the court showing that a devolutive appeal had been taken to this court, did not conform to the requirements for a citation of appeal as is provided for in the articles of the Code of Practice above referred to.

The second appeal having been taken at a subsequent term of court, plaintiff and appellant should have obtained the issuance of a citation of appeal, and have had it served on the defendant as the law directs. Its failure to do so entitles appellee to a dismissal of the appeal. McKowen vs. Atkinson, 19 La. Ann. 136; Hermann vs. Rivers, 9 Rob. 2; State vs. Brunetto, 13 La. Ann. 50; McCarthy vs. Lewis, 5 La. Ann. 115; McGaw vs. O'Bierne, 124 La. 989, 50 So. 819; Frederick vs. A. Marx Picture Frame Co., 127 La. 149, 53 So. 474.

It is therefore ordered and decreed that the appeal be, and is hereby dismissed at the cost of appellant.