JAMES v. CITY OF NEW ORLEANS

---

(October 21, 1929. Opinion and Decree.)
(November 18, 1929. Rehearing Refused.)

---

Guy J. D'Antonio, of New Orleans, attorney for appellee.

E. R. Mabry, of New Orleans, attorney for intervener.

William McL. Fayssoux, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This matter comes before the court on a motion to dismiss the appeal. The grounds for seeking dismissal are as follows:

(1) The record does not show that the motion of appeal was granted in open court; (2) the motion does not ask for citation upon plaintiff and appellee, who was not cited.

The record shows that the judgment was rendered on February 21, 1929, signed on February 28, 1929, and that the motion to appeal was filed and the order signed on March 1, 1929. The civil district court was in session on March 1, 1929, and that the motion and order for suspensive appeal were presented to the court and signed on the same day. Under the law, the civil district court for the parish of Orleans, the court that granted the appeal, is in continuous session from October to July of each year. Since the record shows that the motion was presented and the order signed on a day when the court was in session and during the same term of court when the judgment was rendered, the presumption follows that the motion was made and granted in open court.

This court passed upon the identical question raised in this case in the case of Marsh v. Avegno, 3 La. App. 294, and disposed of the case as follows:

"The record showing that the appeal was granted 'on motion,' the presumption follows that the motion was made in open court."

Plaintiff and appellee relies upon the case of Ducre et al. v. Succession of Ducre, 167 La. 133, 118 So. 864, in support of his motion to dismiss the appeal. We do not

believe that this authority is in point, because in that case there was a certificate from the clerk of court, filed in the record, showing that the court which granted the appeal was not in session the day the appeal was granted. The record in the instant case shows the court was in session the day the appeal was granted.

The second point was also disposed of in the case of March v. Avegno, supra, the court holding:

"The appeal having been granted by motion in open court no citation was necessary."

It is therefore ordered, adjudged, and decreed that the motion to dismiss the appeal is denied.