10 So.2d 769

**McCANN et al. v. TODD.**

No. 36712.

Nov. 4, 1942.

Ellis, Ellis & Barranger, of Covington, and O'Niell & O'Niell, of New Orleans, for defendant-appellant.

Fred A. Middleton and M. C. Scharff, both of New Orleans, for plaintiffs-appellees.

HIGGINS, Justice.

The appellees herein moved to dismiss the appeal on the following grounds:

First, that the motion for the appeal was presented to the judge of the district court in chambers and the order of appeal was granted in chambers and citation was neither prayed for nor issued and served upon the appellees, as required by law; and second, that there were seven different and separate judgments rendered and entered by the district court but only one motion for the appeal was presented, one order of appeal granted and one appeal bond furnished, none of which designated the judgment or judgments appealed from.

The record shows that the motion for the suspensive appeal was presented during the regular session of the district court to the judge in his office adjoining the courtroom.

The pertinent part of the minutes of the court reads:

"Wednesday, November 19th, 1941
Court was opened on this day
present: Harold A. Moise, Judge.

"Now into Court, through his undersigned attorneys, comes Robert B. Todd, *defendant and reconvenor,* and avers to this Honorable Court that he is aggrieved by the Judgment, rendered herein on the 3rd day of November, 1941, and signed on the 12th day of November, 1941, in favor of John J. Finnorn and Cameron C. McCann; and that the said Judgment is contrary to the law and the evidence and that mover desires to appeal devolutively and suspensively therefrom to the Supreme Court of the State of Louisiana.

"Mover prays this Honorable Court to grant said devolutive and suspensive appeal; to fix the return day thereon; and to fix the amount of bond to be furnished by mover, and in this connection, mover prays that the suspensive appeal bond be fixed by the Court at some certain sum exceeding by more than one-half the amount of the specific sum for which said judgment was given, including interest in said judgment to date of appeal bond, but exclusive of costs.

"The foregoing motion considered, it is ordered that a devolutive and suspensive appeal be granted to the said Robert B. Todd, returnable to the Supreme Court of the State of Louisiana on the 12th day of January, 1942, upon said party furnishing bond with good and solvent security in the sum of $1000.00 for a devolutive appeal and for a suspensive appeal bond to (be) fixed in accordance with the law.

"And the court adjourned.
"Sgd. John R. Doyle
    "Minute Clerk
                "Sgd. Harold A. Moise
                    "Judge."     (Italics ours.)

Counsel for the appellant objected to the attempt made by the appellees to contradict the minutes of the court, because there were no allegations of forgery, fraud, or error, citing State of Louisiana ex rel. Attorney General v. Lazarus, 39 La.Ann. 142, 1 So. 361.

The attorneys for the appellees argue that the minutes of the court are only presumed to be correct and that there is sufficient evidence in the record to show that action on the motion and the order in question took place in the judge's chambers and not in open court.

Conceding that, under the circumstances of this case, the minutes of the court may be contradicted by sufficient and proper evidence, but without deciding that issue, a view most favorable to the appellees, it appears that the court was in regular session on the day above mentioned and that it was not a Legal Holiday; that the Civil District Court for the Parish of Orleans remains in session continuously from October to July; that the court was open on November 19, 1941, but at the time the motion for the appeal was presented, the judge happened to be in his office which adjoins the courtroom; that it has been the custom of the judges of the Civil District Court for many years, as a convenience to litigants and attorneys, and in order to expedite the official business of the court and to avoid the interruption of court proceedings to sign orders of appeal in their offices adjoining their courtrooms; that the judge's office is a part of the court and is open publicly for official business; that counsel presented the motion to the judge and requested him to fix the amount of the appeal bond, but the judge declined to do so because the other district judge, for whom he was acting, was of the opinion that under the law, the amount of the bond should not be fixed in the order of appeal; that counsel for the appellant requested a note of evidence, which was dictated to the court stenographer in the presence of the judge, who then made his ruling—all formalities of the law being observed; that appellant then applied to this court for a writ of mandamus

to compel the district judge to fix the amount of the appeal bond, attaching the note of evidence to his petition, which application was refused by us on the ground that the ruling of the trial judge was correct; that the motion and the order were handed to the minute clerk by the judge and were spread upon the minutes; that at the close of court, both the judge and the minute clerk signed the minutes, attesting that all proceedings embodied therein, including the action on the motion and order of appeal in this case, took place in open court; and that appellant then furnished a surety bond in the sum of $65,-000.

Counsel for the appellees base their contention upon the statement of the district judge that the motion was presented to him in his private office or in chambers and that he signed it there. It is certainly clear from the record that the trial judge did not intend, nor did counsel for appellant presume that he was acting upon the motion in chambers (because the court was in session), but merely as a convenience to the court and those having business with it, the judge used his office, which was only separated from the courtroom by a door.

In the case of Tarver v. Godsey, Tex.Civ. App., 82 S.W.2d 1031, 1034, it is stated.: "As we understand the contention of appellee, he makes the argument that the notice of appeal was not given 'in open court,' because there was neither formal opening of court nor adjournment, nor did Judge O'Brien have his docket before him, nor was he sitting on the bench when the order was made, nor was appellee or his coun-

sel present in court or given an opportunity to be in court. We overrule appellee's contention 'that these formalities were essential."

In Gass v. Arons, 131 Misc.Rep. 502, 227 N.Y.S. 282, 284, we find: " * * * In the instant case, the settlement of the action was made in open court. The mere fact that the actual discussion of an assent to the terms of the settlement took place in chambers, and not in the courtroom, is immaterial. * * *"

The entire basis of the appellees' argument is that the judge failed to step from his office into the courtroom proper before signing the order. It will be recalled, however, that a note of evidence was dictated to the court stenographer and that the entire matter was spread upon the minutes of the court.

It is well settled in this state that appeals are favored in law and will not be dismissed upon mere technicalities.

In Police Jury of Parish of St. James v. Borne, 192 La. 1041, 1046, 190 So. 124, 125, it was said: "Unless the ground urged for the dismissal is free from doubt an appeal will be sustained. Phelan v. Wilson, 114 La. 813, 820, 38 So. 570."

The jurisprudence of the courts of this state is uniform in holding that, where the record does not affirmatively show that the motion was presented in open court and the order signed thereby the judge granting the appeal, the fact that the court was in session and action on the motion was taken during the same term of court when the judgment was rendered, the presump-

tion follows that the motion was made and the order was granted in open court. James v. City of New Orleans, 14 La.App. 311, 125 So. 464; Bishop-Wyatt Co. v. Latin-American Life & Casualty Ins. Co., 12 La. App. 59, 125 So. 167; Marsh v. Avengo, 3 La.App. 294; Brown et al. v. Tauzin et al., La.App., 163 So. 764; Gardiner v. Erskine, 170 La. 214, 127 So. 604, and Swain v. Globe Lumber Co., 144 La. 207, 80 So. 256.

In the case of Hunter v. Forrest, 193 La. 179, 190 So. 372, the appellee moved to dismiss the appeal on the ground that neither the appellant nor his counsel appeared in open court and made a motion for an appeal, as required by Article 573 of the Code of Practice. This article provides that "Whoever intends to appeal may do so either by petition or by motion in open court, at the same term at which the judgment was rendered, * * *." The record showed that counsel for the appellant wrote a letter addressed to the judge, requesting an order for an appeal. The clerk of the court presented the letter to the judge and neither the defendant nor his counsel was present at the time, but opposing counsel was there. The judge granted an order of appeal based upon the letter and entered the same upon the minutes. In overruling the motion to dismiss the appeal, this court stated: "As shown by the record, the appeal in this case was sought by appellant through his counsel. While counsel was not personally present in open court, he was represented by the clerk of court, who presented to the judge a letter addressed to him by counsel, requesting that

the appeal be granted. There was therefore a motion in open court for the appeal, counsel being represented by the clerk. The judge thought this was sufficient. Counsel for appellee were then present in open court, taking full cognizance of the proceeding. If they had thought that there was any irregularity in the granting of the appeal, then was the time and there was the place to raise the objection."

Under the facts of this case, it is our opinion that the motion and the order of appeal were presented and signed, respectively, in open court within the meaning and contemplation of the law.

Counsel for the appellees rely upon the case of Harding v. Hackney et al., 189 La. 132, 179 So. 58. In that case a petition was presented for an appeal and not a motion in open court, as in the instant case. Under Article 574 of the Code of Practice, the motion for the appeal must be spread upon the minutes of the court, but not where there is a petition for an appeal, with citation.

The cases of Ducre et al. v. Succession of Ducre, 167 La. 133, 118 So. 864, Frederick v. Marx Picture Frame Co., Ltd., 127 La. 150, 53 So. 474, and McGaw et ux. v. O'Bierne, 124 La. 989, 50 So. 819, are not in point, because the court was not in session when the appeals were granted.

In McCutchen v. Hudson, 132 La. 177, 61 So. 157, the motion for the appeal was made at a subsequent term of the court and the appellees were not cited.

Special reference is made by the appellees to the case of United States v. Gins-

berg, 243 U.S. 472, 37 S.Ct. 422, 425, 61 L.Ed. 853, as being decisive of the issue herein involved. In that case, the Eighth United States Circuit Court of Appeals certified to the Supreme Court of the United States the question of whether or not the final action of the United States District Court in granting the status of citizenship to an applicant was null, because it was conducted in chambers and not in open court, as required by the statute. The record showed indisputably that the petitioner was not qualified by residence for citizenship and the judge who heard the evidence and ordered the certificate misapplied the law and the facts. The first part of the hearing was conducted in open court and the judge adjourned the court and then, in chambers or in his office adjoining the courtroom, heard the remainder of the evidence and took final action in granting the certificate of citizenship. The court held that an alien has no right to naturalization unless he complies with all of the statutory requirements and that if he lacked the qualifications prescribed by the statute, the certificate was illegally procured and a manifest mistake made by the district judge could not supply qualifications which were nonexistent. The court also quoted from Section 9 of the statute, which required that " * * * every final hearing upon such petition shall be had in open court before a judge or judges thereof * * *." The court concluded that as the final evidence introduced and action taken by the district court in the case was in chambers or in the judge's office adjoining the courtroom " * * * an hour earlier than that to which the court has been regularly ad-

journed * * *," the statute had not been complied with. In the instant case, the court was not only in session but the court was open at the time that the motion for the appeal was presented to the judge and at the time he granted the order. The trial judge obviously considered that he was acting in open court within the meaning of the law, because he ordered the motion and order spread upon the minutes, which, unquestionably, was intended to show that the whole matter took place in open court and that the trial judge had no intention of acting in chambers.

With reference to the second issue raised herein, it appears that there was only one judgment rendered in this case. It is true there are several paragraphs in the decree, and that a reconventional demand was made by the defendant, nevertheless, the trial judge, after trying this action as one lawsuit, ordered an accounting, rendered a monied judgment in favor of the plaintiffs against the defendant, dismissed the defendant's reconventional demand against both plaintiffs, decreed that the plaintiffs were the owners of certain debenture notes, decreed that the preliminary injunction in favor of the plaintiffs and against the defendant be made peremptory, dissolved the writ of sequestration, and ordered the notes seized thereunder to be delivered to the plaintiffs. The judgment was rendered on November 3, 1941, and signed on November 12, 1941. The motion for the appeal by "defendant and reconvenor" describes the judgment by referring to those dates. It also contains the number and the title of the case, thus showing there is an identification of the

motion and order with the judgment. There is no complaint that the surety appeal bond in the sum of $65,000 is inadequate to secure the appellees in every respect and the whole predicate for asking for the dismissal of the appeal is that this single document, which is one judgment, must be construed to be seven separate judgments.

In Culbertson v. Cousin, 167 La. 520, 119 So. 535, the trial court rendered judgment in favor of the plaintiff on the main demand for $79.84 and rejected the defendant's reconventional demand for $199.66. The respondent appealed and the Court of Appeal refused to consider the main demand in connection with the appeal because it involved an amount less than its jurisdictional limitation of $100, but did consider the appeal in so far as the judgment of the district court, rejecting the reconventional demand, was concerned. When this court reviewed the case on writs, it pointed out that there was one appeal from the entire judgment on both the main and the reconventional demands and, therefore, the Court of Appeal properly considered the case in so far as the reconventional demand was concerned, because it involved more than $100, but correctly refused to pass upon the issue as to the main demand because it involved less than the constitutional jurisdictional amount from which a judgment allowing it could be appealed.

The appellees rely upon the case of Pichon et al. v. Pichon Land Co., 174 La. 78, 139 So. 764. That authority is not apposite here because there the district court

rendered two separate and distinct judgments, and the court properly held that there should have been two separate appeals, pointing out that the motion for the appeal does not authorize an appeal from both judgments.

In the case of In re Liberty Homestead Ass'n, 198 La. 1068, 5 So.2d 353, the court, in commenting on the Pichon case, supra, stated that there were two separate judgments rendered therein.

For the reasons assigned, the motion to dismiss the appeal is overruled.

O'NIELL, C. J., recused.

ROGERS, J., absent.