In this action, originally one in jactitation but now petitory in nature by reason of its having been so converted, judgment was rendered by the district court on November 24, 1942, recognizing plaintiffs as the owners of the property involved and ordering the cancellation of a certain notice of lis pendens.
On December 4, 1942, defendants offered written motions requesting, and they obtained, orders for suspensive with devolutive appeals returnable to this court. No citations of appeal issued to plaintiffs.
The bond for the suspensive appeal was not tendered within the delay provided by law; and, say counsel for defendants in their briefs, "it is admitted that there is presently no suspensive appeal before this Honorable Court * * *." But there was a timely filing of the bond in support of the devolutive appeal.
After the transcript was lodged here counsel for appellees moved to dismiss the *Page 804 
appeal on the grounds: "(1) That the appeal was not made by petition which was necessary because it was not taken in open court. (2) That no citation of appeal was asked for or made on the plaintiffs-appellees or their attorneys."
It is on the motion to dismiss that the cause is presently being considered.
A litigant may appeal either by petition or by motion in open court. Code of Practice, Article 573. Where the order of appeal is asked for and granted in open court and during the same term in which the judgment is rendered, the citing of appellee is unnecessary. Succession of Williams, 156 La. 704, 101 So. 113; Hollingsworth v. Caldwell, 193 La. 638, 192 So. 83.
In McCann v. Todd, 201 La. 953, 10 So.2d 769, 771, recently decided by this court, the following is said:
"It is well settled in this state that appeals are favored in law and will not be dismissed upon mere technicalities.
"In Police Jury of Parish of St. James v. Borne, 192 La. 1041, 1046, 190 So. 124, 125, it was said: `Unless the ground urged for the dismissal is free from doubt an appeal will be sustained. Phelan v. Wilson, 114 La. 813, 820, 38 So. 570.'
"The jurisprudence of the courts of this state is uniform in holding that, where the record does not affirmatively show that the motion was presented in open court and the order signed there by the judge granting the appeal, the fact that the court was in session and action on the motion was taken during the same term of court when the *Page 805 
judgment was rendered, the presumption follows that the motion was made and the order was granted in open court. James v. City of New Orleans, 14 La.App. 311, 125 So. 464; Bishop-Wyatt Co. v. Latin-American Life Casualty Ins. Co., 12 La.App. [58] 59, 125 So. 167; Marsh v. Avengo, 3 La.App. 294; Brown et al. v. Tauzin et al., La.App., 163 So. 764; Gardiner v. Erskine, 170 La. [212] 214, 127 So. 604, and Swain v. Globe Lumber Co., 144 La. 207, 80 So. 256."
The record of the instant case is silent respecting the question of whether or not the presentation of the motions and the signing of the orders occurred in open court. The place of performance of those acts is not shown. It does appear, however, that the presentation and signing took place while the court was in session and during the same term in which the judgment was rendered. In view of these facts and circumstances it will be presumed and held, under the authority of the McCann case, that the motions were made and the orders granted in open court. And, consequently, the citing of appellees was not necessary.
Appellees' counsel rely upon Ducre et al. v. Succession of Ducre, 167 La. 133, 118 So. 864, and Harding v. Hackney et al.,189 La. 132, 179 So. 58. Those cases are distinguishable from the instant controversy in that there, as shown by the respective records, the orders of appeal were obtained in chambers, as the result of which the appellees were entitled to be cited.
For the reasons assigned the motion to dismiss is denied. *Page 806