This suit by Mrs. Amelia Dumaine Perez, widow of Horace Perez, results from the death of Perez. The facts are most unusual. The defendant, Thomas J. Carbrey, whose name often appears in the record as "Carbery", on Sunday, August 25th, 1940, seems to have made a rather general announcement of his asserted intention to commit suicide. He sent for plaintiff's husband, Horace Perez, a fraternal lodge brother, as he desired to consult him concerning his purpose and with reference to the settlement of his affairs which would later be necessary. Perez persuaded another Lodge brother, Matt Cain, to accompany him and they called upon Carbrey and spent some time in attempting to persuade him to abandon his plan of self-destruction. He was in possession of a pistol with which he was threatening to kill himself and he also had with him a bottle of liquor.
Becoming convinced that Carbrey was determined to persist in his announced intention, it was agreed between Cain and Perez that Perez would remain with Carbrey and attempt to prevent him from shooting himself while Cain would go in search of police officers in the hope that they could forcibly take the gun from Carbrey and restrain him until he should undergo a change in his attitude towards life.
Cain located two officers, James M. Dimitry and Alfred J. Dowling, who returned with him to the domicile of Carbrey. There Cain suggested that the officers should not make their presence known to Carbrey until he could be persuaded to leave the residence. Cain then entered the building and went towards the room in which Carbrey and Perez were still discussing the matter. The officers also entered the building, and as they did so, they heard the discharge of a pistol, apparently in the room in which Perez and Carbrey were.
Perez ran from the room into another where he could be seen by the two officers. They opened fire upon him and he died as a result of gunshot wounds *Page 77 
inflicted by them. He may also have been struck by the shot which had just been fired previously in the room in which he and Carbrey had been.
Mrs. Perez alleges that her husband's death resulted from the actions of Carbrey and that he is legally liable therefor. She avers that he was struck by two bullets fired by each of the policemen and one by Carbrey. She then makes the following allegation:
"Petitioner shows that the shooting and wounding of deceased by said Carbery which precipitated the subsequent happenings resulting in the death of deceased was the proximate cause thereof and was due entirely and solely to defendant's deliberate and wanton act which act amounts to gross carelessness and criminal negligence resulting in nowise from carelessness or negligence on the part of deceased, culminating in petitioner being damaged * * *."
She prays for Judgment against Carbrey in the sum of $237,500.
The District Court rendered judgment dismissing definitively the claim of plaintiff against Carbrey for the death of Perez and dismissing as of "non-suit" her claim for his wounding. From this judgment Mrs. Perez has appealed.
[1] Carbrey has moved to dismiss the appeal for the reasons: "that said motion for a devolutive appeal does not indicate that the same was taken in open court and * * * no citation of appeal was directed to defendant."
The judgment was rendered on October 15th, 1943, and was signed on October 21st, 1943, and the motion for appeal was made on July 14th, 1944. In Jacobsen v. McGarry, 178 La. 79,150 So. 838 our Supreme Court said: "According to the rules of the civil district court for the parish of Orleans, the court's judicial year begins on the 1st day of October and ends on the 30th day of September. The term of the court runs from October 1st to July 15th, both inclusive, in each calendar year, * * *."
It thus appears that the motion for appeal was made at the term of court during which the judgment had been rendered.
It is conceded that when a motion for appeal is made in open court and at the same term of court in which the judgment appealed from was rendered, there is no necessity for the issuance of citation of appeal, but it is argued that there is nothing to show that the motion for appeal in this instance was made in open court. The answer to that argument is that where an appeal is taken by motion at the same term of court at which the judgment appealed from is rendered there is a presumption that the motion was made in open court. In McCann et al. v. Todd, 201 La. 953, 10 So.2d 769, 771, the Supreme Court said: "The jurisprudence of the courts of this state is uniform in holding that, where the record does not affirmatively show that the motion was presented in open court and the order signed thereby the judge granting the appeal, the fact that the court was in session and action on the motion was taken during the same term of court when the judgment was rendered, the presumption follows that the motion was made and the order was granted in open court. James v. City of New Orleans, 14 La. App. 311, 125 So. 464; Bishop-Wyatt Co. v. Latin-American Life Casualty Ins. Co., 12 La. App. 59, 125 So. 167; Marsh v. Avegno, 3 La. App. 294; Brown et al. v. Tauzin et al., La. App., 163 So. 764; Gardiner v. Erskine, 170 La. [212],127 So. 604, and Swain v. Globe Lumber Co., 144 La. 207, 80 So. 256."
There is in this record nothing to overcome the presumption that the motion was made in open court and therefore, since it was made at the same term of court in which the judgment was rendered, it necessarily follows that no citation of appeal was necessary. The motion to dismiss the appeal is, therefore, overruled.
[2, 3] When we come to consider the facts of the case and the question of whether from them there results liability in the defendant, we are impressed with the soundness of the reasons of the judge of the District Court, and, therefore, set them forth:
"The decedent, Perez, an innocent bystander, met his death at the hands of two policemen in the Carbery home. This is made manifest by a preponderance of the evidence offered on the trial of the suit. The policemen were free agents. It is shown to this Court from the evidence that on the day of the tragedy Carbery, the defendant, was not aware of the presence of the two officers in his home; their presence there was accounted *Page 78 
for through the act of a Mr. Cain who summoned the police to the Carbery home.
"It is clear that the death of Mr. Perez was caused through the interposition of third persons, both of whom from the very nature and character of their employment should have exercised the utmost caution not to harm an innocent third person as Perez happened to be. Mr. Perez was on an errand of mercy to a man whom he regarded as his friend.
"The suit brought here by Mrs. Perez, the widow of the decedent, against Carbery is one for the death of Mr. Perez. Our Courts must be bound by the written law. The burden of proof is on the plaintiff to make her case reasonably certain. It is most probable that a shot was fired by Carbery prior to the tragedy, but probability cannot, under the law, set aside the strict exactions of legal requirements. Let the probability rise to the highest degree, it is nonetheless still probability.
"The same can be said for the fact that even though, admitted for the sake of argument that a shot had been fired by Carbery, and that this shot struck Mr. Perez in the leg, that is not the probable cause of his death. To hold the defendant herein, it should be made to appear with reasonable certainty that the Carbery shot was the immediate cause of Perez's death.
"But we have the fact, and it is shown beyond dispute, that it was the act of Cain who had invited the two policemen to the Carbery home where they shot an unarmed man without even arresting him. This was the intervening immediate cause of the death.
[4] "A careful perusal of the authorities on the subject shows the requirement of the law to be that the death must be shown to be the natural consequence of an act of the defendant, Carbery, and were consequences which could be reasonably anticipated after due consideration of all of the evidence as a whole.
[5] "Applying the facts of the case to the law of the case, the Court finds that the negligent acts of the policemen in doing bodily harm to Perez was not the natural consequence of the act of Carbery, the defendant, and could not possibly have been anticipated by him since he didn't know of their presence at the time of the awful tragedy. The suit, therefore, for the death of Mr. Perez, will have to be dismissed.
"It does appear from the offering of records in other cases that the policemen, or one of them, has been sued by the widow for the death of her husband.
"Now, addressing ourselves to natural reason and right, this petition discloses, by implication, two causes of action. It would be a denial of the right of the widow to deny her the right to sue Carbery for the injury which he inflicted, if any.
"After a careful analysis of the pleadings, this Court finds that the causes of action are not clearly and separately stated, nor are the damages so itemized separately that the Court could pass on the one demand while rejecting the other. The interests of justice would best be served by reserving to the widow her right to sue Carbery for any damages resulting from the infliction of any injuries, if such was the case, perpetrated on the decedent Perez.
"In order more effectually to protect this right, the Court will dismiss that particular cause of action as in the case of non-suit."
Defendant, appellee, makes no complaint concerning the fact that the District Judge held that by implication plaintiffs petition possibly sets forth two separate causes of action, and held that one should be dismissed definitively and that the other should be dismissed only "as of non-suit."
Since defendant-appellee makes no complaint concerning that part of the judgment, it is unnecessary for us to consider whether both claims, if there are two separate claims, should have been dismissed definitively.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed. *Page 79