MILLER, Judge pro tern.
This matter is before us on a motion to dismiss the devolutive appeal taken by defendants Edna L. Edwards West and Arnold Edwards from the judgment in favor of the plaintiffs in an action for slander of title. This motion was filed by Wallace W. Phillips, Grace Phillips Rush, Thelma Phillips Duplessis, Dr. Carey A. Phillips, Helen Phillips Lacombe, Cecile Phillips Laborde and William W. Phillips, who were the plaintiffs in suit number 8956 on the docket of the 23rd Judicial District' Court of the State of Louisiana for the Parish of Ascension.
The above referred to suit was consolidated for trial with suit number 8957 on *275 the docket of the same court, which suit was an action for slander of title against the same two defendants, but was brought by only one plaintiff, Dr. Carey A. Phillips, and affected a different tract of land.
Movant summarizes the facts in this way:
“The said two suits or actions have only three similarities, which are as follows:
“(1) Each of said two suits or actions is a suit or action for slander of title;
“(2) The said Dr. Carey A. Phillips is a plaintiff in each of said two suits or actions; and
“(3) The said Edna L. Edwards West and the said Arnold Edwards are the defendants in each of the said two suits or actions.
“The said two suits or actions differ from each other in the following particulars :
“(1) The said Wallace W. Phillips, the said Grace Phillips Rush, the said Thelma Phillips Duplessis, the said Helen Phillips Lacombe, the said Cecile Phillips Laborde, and the said William W. Phillips are all plaintiffs in the above described suit or action which bears the number 8956 of the docket of the said District Court, but none of the latter six persons is a party to the above described suit or action which bears the number 8957 of the docket of the said District Court; and
“(2) The said tract of land involved in the said suit or action which bears the number 8956 of the docket of the said District Court and the said tract of land involved in the said suit or action which bears the number 8956 of the docket of the said District Court are two separate and distinct tracts of land, each of which is entirely separate and distinct from the other.
“On a motion by counsel for all parties to the said two suits or actions, an order was rendered by the said District Court consolidating said two suits or actions for the purposes of trial but providing that a separate judgment should be rendered in each of said suits or actions.
“Thereafter said two suits or actions were tried in accordance with the latter order.
“Thereafter in the said suit or action which bears the number 8956 of the docket of the said District Court, on the 26th day of September, 1960 the said District Court rendered a judgment in favor of all of the movers and against the said Edna L. Edwards West and the said Arnold Edwards, which judgment was signed on the 26th day of September, 1960.
“And in the said suit or action which bears the number 8957 of the docket of the said District Court, also on the 26th day of September, 1960 the said District Court rendered another entirely separate and distinct judgment in favor of the said Dr. Carey A. Phillips and against the said Edna L. Edwards West and the said Arnold Edwards, which latter judgment was also signed on the 26th day of September, 1960.
“Thereafter on the 8th day of September, 1960 (1961) the said Edna L. Edwards West and the said Arnold Edwards, filed in the said District Court a petition headed by a caption consisting of the title of the said District Court, the title and number of the said suit or action which bears' the number 8956 of the docket of the said District Court, also the title and number of the said suit or action which bears the number 8957 of the docket of the said District Court, and also the following designation, to-wit: ‘PETITION FOR APPEAL AND ORDER.’ ”
The order of appeal granted on September 8th, 1961 provided: “Let the petitioners *276 herein be and they are hereby granted a devolutive appeal in each of the above entitled and numbered causes, as prayed for in the foregoing petition, returnable to the First Circuit, Court of Appeal, State of Louisiana, on the 9th day of October, 1961, according to law, upon their furnishing bond, with good and solvent security, in the sum of Five Hundred and No/100 ($500.00) Dollars.”
On September 8th, 1961 there was filed one appeal bond in the sum of Five Hundred Dollars ($500.00) for both of the above described appeals.
Movant contends that “The said purported appeal is irregular, defective, and null and void for the following reasons:
“The said purported appeal is one single purported appeal from two entirely separate and distinct judgments, one of which was rendered in one suit or action and the other of which was rendered in another entirely separate and distinct suit or action; several of the plaintiffs in one of said suits or actions are not parties at all to the other of said suits or actions; the order purporting to grant said purported appeal provides for only one single appeal bond for said purported appeal on one single amount; and only one single appeal bond in one single amount was furnished for said purported appeal; and
“One single appeal with only one single bond therefor cannot be taken from two separate and distinct judgments, one of which was rendered in one suit or action and the other of which was rendered in another separate and distinct suit or action.
“All of the above described irregularities, defects, faults and nullities relating to the above described purported appeal are imputable to the said Edna L. Edwards West and the said Arnold Edwards, as is shown by the said record on appeal.”
The only jurisprudence cited by movant to sustain his position is the case of Successions of P. C. Clairteaux and U. Clairteaux, 35 La.Ann. 1178. The entire opinion in that case insofar as it is apposite to this motion, is brief and relevant. It reads:
“C. A. Phillippi & Co., Ferdinand Samuel and Jules Samuel, appeal from judgments dismissing the oppositions which they have respectively filed to the accounts rendered in these two successions.
“The administratrices move that the appeal taken by the Samuels be dismissed, among other reasons, because, there being two judgments, there should have been two motions and orders of appeal and two bonds, one in each case, as there were two suits in each succession, and one bond only was furnished.
“The oppositions were not consolidated below, to be tried together and determined by one and the same judgment. The order of consolidation was made after judgment. There were two judgments rendered, and two appeals taken. There should have been two bonds given.
“The appeals of F. and J. Samuel are dismissed.”
The instant case differs from the cited one in that here the two cases were consolidated for trial and there was only one order of appeal. Only one record was made in the trial court. Although there were two judgments signed, there was only one trial and one opinion. There was only one order of appeal issued in the instant cases and that one order specifically granted an appeal in both cases. The devolutive appeal bond is set in an amount sufficient to secure the payment of costs (LSA-C.C.P. art. 2124, formerly Code of Practice 578) and it is readily apparent that the $500.00 appeal bond set in this matter was ample to pay all costs incurred in the consolidated trial of both suits.
*277 Appeals are favored and will not be dismissed for technicalities. McCann v. Todd, 201 La. 953, 10 So.2d 769; Louisiana State Board of Medical Examiners v. Parker, La.App., 84 So.2d 841; Mossler Acceptance Co. v. Moliere, La.App., 181 So. 228.
It is the settled policy of the law to favor appeals and liberally construe the constitutional right of appeal, and appellate courts are loathe to dismiss appeals because of technicalities and mere inaccuracies. Alpaugh v. Krajcer, La.App., 54 So.2d 233.
In our view the order of appeal granted in these two consolidated cases was sufficient to permit both appeals to be perfected under one bond of $500.00.
Movants closed their brief with the following argument: “There is also another independent reason why the latter purported appeal should be dismissed. It is because the appeal bond which was furnished for the purported appeal has never been signed by Arnold Edwards, one of the appellants, and we submit that in order for an appeal bond to be valid it must be signed by the appellant or by the appellants if there are more than one appellant. This we submit is self evident, for one cannot well be bound by a bond which he has not signed.”
No authority or jurisprudence has been cited and we know of none to sustain this argument. In any event the validity of the bond is a matter which is to be addressed to the trial court according to the provisions of LSA-C.C.P, art. 5123 (formerly LSA-R.S. 13:4572 and 4573). This Article provides that:
“Any person in interest wishing to test the sufficiency, solvency of the surety, or validity of a bond furnished as security in a judicial proceeding shall rule the party furnishing the bond into the trial court in which the proceeding was brought to show cause why the bond should not be decreed insufficient or invalid, and why the order, judgment, writ, mandate, or process conditioned on the furnishing of security should not be set aside or dissolved. If the bond is sought to be held invalid on the ground of the insolvency of a surety other than a surety company licensed to do business in this state, the party furnishing the bond shall, prove the solvency of the surety on the trial of the rule.”
The motion for dismissal of the appeal is denied. ■