STOULIG, Judge.
This is an appeal from a summary judgment rendered on May 21, 1971, in favor of the defendant which dismissed with prejudice plaintiff’s suit on a contract of title insurance. An order granting a de-volutive appeal and setting the appeal bond at $250 was signed by the trial court on August 17, 1971.
This is the second appeal lodged in this matter, the first being a devolutive appeal taken by plaintiff on June 10, 1969, from a judgment maintaining an exception of no cause of action. A cash bond of $150 was posted in connection therewith. This court reversed the judgment of the trial court and remanded the case with the direction: “All costs [of the appeal] are to await final outcome.” Since there has been no final adjudication of the merits in this case, these costs still remain unassessed.
Upon our own motion, we noticed the record reflected that plaintiff failed to post the $250 appeal bond prescribed in the order granting the appeal. In light of this development we question whether our appellate jurisdiction had attached. Supplemental briefs were requested of counsel on this issue.
To show that he had posted the required $250 bond, appellant tendered an affidavit from the Clerk of Court of the Parish of St. Charles attesting to the fact that the clerk maintained a single checking account in which he comingled cash bonds and docket fees; that appellant had deposited with the clerk’s office the total sum of $264.50, consisting of $150 cash bond post *239 ed for the first appeal and $114.50 in docket charges.
Predicated upon this affidavit, appellant urges that the clerk had in his possession funds of the plaintiff in excess of the required appeal bond of $250 and since this bond is simply security for costs (LSA-C. C.P. art. 2124),[1] that this constituted the posting of a cash appeal bond. The fallacy in this argument is that the $114.50 in accrued court costs had previously been debited against the deposit and further that the costs contemplated by LSA-C.C.P. art. 2124 are those charges assessed in connection with the appeal and not the trial of the matter.
Appellant submits that even if it is concluded that only the net amount of $150 (first appeal bond) was on deposit with the clerk of court when the appeal was granted, that this would constitute an insufficient cash bond and that he is entitled to furnish a supplemental bond under LSA-C.C.P. arts. 5124-5126 to increase the amount of security to $250 as required in the order of appeal. We find this contention to be without merit for several reasons. The $150 cash bond is an executory obligation subject to a levy to satisfy any appellate costs occasioned by the first appeal, the determination of which by appellate decree must “await final outcome” of the case. It is, therefore, not available as unencumbered funds to be utilized as cash security for the second appeal.
Having determined that the $150 cash bond cannot serve the dual purpose of an insufficient bond for the second appeal, it follows that appellant does not have the right ¿o supplement under LSA-C.C.P. arts. 5124 et seq., since these articles presuppose the timely filing of an original bond and make all remedial new or supplemental bonds “retroactive to the date the original bond was furnished.” No bond was ever posted in connection with the second appeal.
“Both devolutive and suspensive appeal bonds shall afford security for the payment of all appellate costs paid by the appellee, and all costs clue by the appellant, including those due the clerk of the trial court for the preparation of the record on appeal.”
While realizing full well that appeals are favored under the law, General Motors Accept. Corp. v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190 (1965); McCann v. Todd, 201 La. 953, 10 So.2d 769 (1942), we are convinced this court is without jurisdiction to hear this appeal.
This conclusion is warranted under the explicit provisions of LSA-C.C.P. art. 2088, which provides in substance that the timely furnishing of an appeal bond is an indispensable prerequisite to divest the trial court of jurisdiction and for appellate jurisdiction to attach. This finding is in accord with the jurisprudence expressed in Mathews v. Travelers Insurance Company, 234 So.2d 468 (La.App. 1st Cir. 1970). Further it is consistent with the prior ruling of this court in the case of Geisenheimer Realty Co. v. Board of Commissioners, 204 So.2d 628, 630 (La.App. 4th Cir. 1967), in which it is stated:
“It is well-established however that a failure to post required security within the delay allowed is not a simple error, irregularity or defect within the purview of Article 2161. Rather this flaw strikes at the heart of this court’s jurisdictional right to hear the appeal and thus is governed by LSA-C.C.P. art. 2162. It is a fundamental defect which can be made the basis for a valid motion to dismiss at any time. * * * ”
From the foregoing it is sacramental, both under the law and the jurisprudence, that an appeal bond must be timely posted in order to perfect a right of appeal and to vest jurisdiction in the appellate court. In this matter the appellant never filed any type of security purporting to be in fulfillment of, and in compliance with, the order *240 of appeal designating the amount of the bond.
Lacking jurisdiction to entertain this appeal it must be dismissed at appellant’s cost.
Appeal dismissed.

. In pertinent part it reads :