LANDRY, Judge.
This matter is before us on an ex pro-prio motu order to show cause why the appeal should not be dismissed because of the apparent failure of Appellant, J. D. Blackwell, to timely post an appeal bond herein. We find the bond was untimely filed and dismiss the appeal.
On January 25, 1973, plaintiff Safeco obtained a judgment against Appellant Blackwell in the sum of $2,925.00. Notice of judgment was mailed to Appellant on the date judgment was obtained.. Appellant did not apply for a new trial. On February 16, 1973, Appellant applied for and was granted a devolutive appeal contingent upon Appellant posting an appeal bond -in the sum of $500.00. Appellant posted the required bond on June 12, 1973.
January 25, 1973, being a Thursday, Appellant had three legal days, or through Tuesday, January 30, 1973, in which to apply for a new trial. LSA-C.C.P. art. 1974. The ninety days for taking a devolutive *86 appeal, in this instance, commenced Wednesday, January 31, 1973, and expired Monday, April 30, 1973. LSA-C.C.P. art. 2087(1). Subsequent to April 30, 1973, plaintiff obtained execution of its judgment which Appellant paid in full. In September, 1973, Appellant paid all costs due in the trial court and all filing fees due this court.
Appellant contends that since the judgment has been paid in full, and his appeal is only devolutive, the matter of timely filing the appeal bond has become moot. Appellant suggests that the purpose of the appeal bond is solely to insure payment of costs which Appellant has already paid, consequently, there is no need to file an appeal bond, and the appeal should be sustained. In so contending, Appellant relies upon the well established rule that appeals are favored in law.
We find no merit in Appellant’s argument. It is settled that the filing of an appeal bond presents a jurisdictional question and that an appeal bond must be timely filed for jurisdiction to attach in the appellate court. LSA-C.C.P. arts. 2087, 2088; Bonvillian v. Lawyers Title Insurance Corporation, La.App., 264 So.2d 238.
Failure to timely file an appeal bond requires dismissal of a devolutive appeal. Clements v. Kimble, La.App., 239 So.2d 704. We are unaware of any authority to the effect that 'Voluntary payment of a judgment eliminates the requirements of posting bond for a devolu-tive appeal from the decree, nor have we been cited any such authority. We find that the requirement of posting an appeal bond, being jurisdictional in nature, is unaffected by the voluntary discharge of the judgment appealed from.
The obligation to post an appeal bond is separate and distinct from that of paying the costs due the trial court and filing fees due the appellate court. Payment of the latter does not discharge the obligation of posting the former.
The appeal bond having been untimely filed herein, the appeal is dismissed at Appellant’s costs.
Appeal dismissed.