LOTTINGER, Judge.
ON MOTION TO DISMISS
This matter is before us on a motion by defendants-appellees to dismiss the appeal of plaintiffs.
Suit was filed on July 17,1970. A motion for security for costs was-filed by Petro Processors, Inc. and Travelers Insurance Company on July 24, 1970, alleging that because of the complexity of the questions involved in this suit it would be necessary for defendants “to obtain the testimony of experts and to pay or be responsible for their fees; to obtain technical reports and evaluations and to pay or be responsible for these costs, the cost of one such report having already been estimated by Shilstone Laboratories as $30,000.00; to take depositions of several witnesses, the cost of which Defendants must advance; and to subpoena numerous witnesses for trial, some of whom will be entitled to have their travel expenses, per diem and hotel and meal expenses deposited by Defendants, all of which costs and expenses will ultimately be taxed as costs herein, and which Plaintiffs may finally be condemned to pay.” The motion further alleged that it estimated the total amount of these costs and expenses to be in the sum of $40,000.00. On January 12, 1971, after a hearing, the Trial Court rendered judgment, which was read and signed on January 20, 1971, ordering the plaintiffs to furnish security in the amount of $40,000.00.
Pursuant to LSA-C.C. Art. 3065 [1], the plaintiff David Haas Ewell, Jr. pledged and pawned a $40,000.00 collateral mortgage note as security to the clerk of court for the Parish of East Baton Rouge. The bond for costs instrument which pledged and pawned the $40,000.00 collateral mortgage note after reciting the names of the plaintiffs in part says:
“have been ordered by the Honorable Elven E. Ponder, Judge of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, to give security for the costs herein in the sum up to and including Forty Thousand and no/100 Dollars ($40,000.00), as per order rendered the 12th day of January, 1971, and whereas the said Dave Haas Ewell, Jr. on behalf of the above named parties, does by these presents, formally bind himself to be responsible for all costs for which these parties may be cast in these proceedings and for the payment of which the said Dave Haas Ewell, Jr., does hereby bind himself individually and further in order to secure the payment of these costs does hereby pledge and pawn unto the Honorable Perry M. Johnson, Clerk of Court of the 19th Judicial District Court, State of Louisiana,”
and there followed the description of the collateral mortgage note.
Trial was had on the suit and an amended judgment was eventually signed on February 3, 1976 by the Trial Judge in favor of plaintiffs for $30,000.00 and casting defendants for all costs. On February 9, 1976, plaintiffs moved for a devolutive appeal which was granted as follows, to wit:
“Plaintiffs are hereby granted a devolu-tive appeal, returnable to the First Circuit Court of Appeal on the 6th day of April, 1976, and that no additional bond is required as per judgment the 16th day of June, 1971.”
No appeal bond nor any other security was filed in order to perfect the devolutive appeal other than the bond for costs which was filed on January 26, 1971, pledging and pawning the $40,000.00 collateral mortgage *243 note. The first motion to dismiss the appeal was filed on December 6, 1976[2]. It is not an issue, nor is it questioned that the time within which to perfect an appeal has long since expired.
Defendants-appellees in support of their motion to dismiss this appeal contend that the timely filing of an appeal bond is mandatory and jurisdictional; that an order for a devolutive appeal must fix the amount of the bond; that in presenting the Trial Judge an order which did not fix the amount of the bond, appellants caused the Trial Judge to exceed his authority; and that a costs bond cannot serve as an appeal bond.
We are ever mindful of the constitutional guarantee of the rights of judicial review and access to the courts, Art. 1, §§ 19 & 22, La.Const. (1974), and that appeals are highly favored under the law. Regardless, the timely filing of an appeal bond is determinative of whether the appellate court acquires jurisdiction to hear the appeal, and if appellate jurisdiction does not attach, the appellate court is obligated to recognize this deficiency and refuse to hear the case. Though an appellate court may not obtain jurisdiction because of a late or invalid appeal bond, it does have the jurisdiction and authority to determine whether what is offered as a bond is in fact a bond. Guilliot v. City of Kenner, 326 So.2d 359 (La.1976).
Therefore, the first question that must be answered is whether the bond for costs can act and be used as an appeal bond, and in doing so, we must determine the use and purpose for which this bond for costs was filed.
Under the authority of LSA-R.S. 13:4522[3], defendants, Petro Processors, Inc. and Travelers Insurance Company, asked the Trial Court to cause plaintiffs to secure certain costs that defendants contemplated encountering. Pursuant to that request, the Trial Court ultimately ordered plaintiffs to post security in the amount suggested by defendants, $40,000.00. The specified contemplated costs by defendants have been heretofore listed in this opinion.
In discussing what costs plaintiff can be required to secure under LSA-R.S. 13:4522[4] the Louisiana Supreme Court in Whitson v. American Ice Co., 164 La. 283, 113 So. 849, 850 (1927) said:
“[T]he defendant in a law suit is not concerned with securing the payment of any of the court costs except those which he may be responsible for without being condemned therefor by the judgment of the court. A defendant may have to employ, and pay or be responsible for the fees of, expert witnesses, auditors, surveyors, or other scientists, whose services or opinions may be needed in defense of the suit; and their fees may be taxed as part of the costs of court, which the plaintiff may finally be condemned to pay. * * * A defendant may also find it necessary to take the depositions of witnesses under commission, and may have to pay in advance or be responsible for the notary’s fees or other expenses which may be taxed as costs of court and which the plaintiff may ultimately be condemned to pay. As to such court costs alone — which the defendant may have to pay or be responsible for in advance of a judgment determining who shall pay the costs — the Act 111 of 1926 is applicable. It is not applicable to the court costs *244 generally, which the defendant in a case is not at all responsible for unless and until he is finally condemned to pay them. Security for the payment of such costs, in the parishes other than the parish of Orleans, is provided for in the fifth section of the Act 203 of 1898, * * * which allows the clerk of court or the sheriff to demand of the plaintiff security for costs at the time of filing the suit, and to demand additional security at any time thereafter, and allows those officers to collect all court costs semiannually, ;}: 4; #
There would seem to be no question that the costs which defendants requested the Trial Court to order plaintiffs to secure were within the intention of LSA-R.S. 13:4522 as interpreted in Whitson v. American Ice Co., supra. Therefore, we must reach the conclusion that the bond for costs intended at the time of its filing only to secure those costs the defendants could be called upon to pay prior to a judgment of the Trial Court. Certainly there was no intention at the time of the bond for costs that it act as security for an appeal. In addition, except for the order of appeal providing in essence that no additional security is required other than the bond for costs, there is nothing in this record to show any express intent on the part of appellants to obligate the bond for costs as security for the appeal.
It has been held that a cash bond posted for a prior appeal in the same case could not in conjunction with cash deposited for Trial Court costs be used in lieu of an appeal bond. Bonvillian v. Lawyers Title Insurance Corporation, 264 So.2d 238 (La. App. 4th Cir. 1972), writ refused, 262 La. 1175, 266 So .2d 450 (1972).
This Court in Great American Insurance Companies v. East, 264 So.2d 761 (La.App. 1st Cir. 1972), held that a bond furnished with the original request for a temporary restraining order cannot be used as an appeal bond.
In addition, we notice that the bond for costs has a self-destruct clause wherein the bond in part provides:
“This pledge and pawn is made in accordance with Article 3065 of the Revised Civil Code of the State of Louisiana, the said Dave Haas Ewell, Jr., declaring that he cannot obtain a surety * * * and therefore he binds himself and pledges this collateral mortgage note as security that he will pay fully and without undue delay all costs of court for which he is cast and upon payment thereof this pledge and pawn shall be discharged and of no avail.”
The judgment casts defendants for all costs, and the defendants have neither appealed nor answered the appeal, though the record has not as of yet been lodged in this Court and the time within which to answer has not expired, LSA-C.C.P. art. 2133[5], thus the Trial Court judgment as to costs is not final. Therefore the bond for costs has not been discharged, and is still obligated as security for costs.
Plaintiffs-appellants argue in opposition to the motion to dismiss that the defendants must proceed in the Trial Court to test the sufficiency of the bond where the Trial Judges’ order provided that no additional bond was required, or we should instead view the appeal order as if no bond amount had been fixed, yet a bond had been filed. Both arguments presuppose the valid existence of a bond, which we have already ruled does not exist. Secondly, defendants do not as we view this motion to dismiss contest the sufficiency of the bond, but rather they contend that no bond has been filed within the time required.
*245 Finally, we must resolve the question of whether any error which would cause this Court to dismiss this appeal can be imputed to appellant[6]. From a review of the “motion for devolutive appeal” as well as the “order” it is obvious that both were prepared by the appellants, and that the language in question, i.e. “no additional bond is required as per judgment the 16th of June, 1971”, was prepared by appellants and not inserted by the Trial Judge.
Appellants argue in part that the above quoted language should be viewed as if no bond amount had been fixed. We cannot agree. Conceding arguendo that under LSA-C.C.P. Art. 2124[7] the Trial Judge could have dispensed with a bond and the language used would have been, “no bond required”, then the issue would definitely have been one of sufficiency. However, we are of the opinion that when the order says “no additional bond required” and then refers specifically to the June 16, 1971, judgment overruling the defendants’ objections to the sufficiency of the costs bond, it was intended that the $40,000.00 bond for costs be used also for the appeal bond. We have, however, already ruled that absent any express intention by appellant in the record to so obligate the costs bond, that it cannot be used as an appeal bond. Further, we do not deem sufficient an expression of intention the appeal order even though it was prepared by appellants. Inasmuch as appellants prepared the order, any confusion caused thereby must be imputed to them.
Therefore, for the above and foregoing reasons the motion to dismiss is granted. All costs relating to this motion are to be paid by appellants.
APPEAL DISMISSED.

. LSA-C.C. Art. 3065 provides:
The person who can not give a surety is admitted to give a pledge or other satisfaction sufficient to secure the debt, provided that the thing given in pledge may be kept without difficulty or risk.
He may also deposit in the hands of the public officer, whose duty it is to receive the surety, the sum for which he is required to furnish a surety.

. Several other defendants had been brought into the suit subsequent to the original petition, and they each filed a motion to dismiss.

. LSA-R.S. 13:4522 provides:
The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice. This section shall not apply to the Parish of Orleans and to cases brought in for-ma pauperis, nor to the state or any political subdivision thereof. As amended Acts 1960, No. 32, § 1.

.Act 111 of 1926 is the source act of R.S. 13:4522.

. LSA-C.C.P. art. 2133 provides:
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record, whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him and of which he complains in his answer.

. LSA-C.C.P. Art. 2161 provides:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.

. LSA-C.C.P. Art. 2124 in part provides:
The security to be furnished for a devolutive appeal shall be fixed by the trial court at an amount sufficient to secure the payment of costs.