DORE, Judge.
This is a suit for workmen’s compensation based on the allegations that on August 18, 1948 and prior thereto, the petitioner was *308 a regalar employee oí Paul, Rice & Levy,. Inc., employed as a salesman and that his employment required driving and traveling every day in an automobile between various towns in South Louisiana and taking orders from, and selling hardware to retail merchants and that the business of his employer and the employment of petitioner were hazardous within the meaning and intendment of the compensation law; that on August 18, 1948 while in the discharge of his duties for the .said' employer, the petitioner sustained an automobile accident resulting in injuries which have rendered him totally a}nd permanently disabled from engaging jn the work in which he was engaged at the time of his injury or any work of a reasonable or similar nature and that he is therefore entitled to workmen’s compensation at the rate of $30 per week for a period not to exceed 400 weeks less a credit of $390.75 heretofore paid plus $500 for medical expenses less a credit of $83 heretofore paid, plus legal interest on delinquent instalments of compensation and all costs. The suit is against plaintiff’s employer, Paul, Rice & Levy, Inc., and the compensation -insurer of said employer, Maryland Casualty Company. :
The defendants filed a joint answer in which they admitted their corporate status and , admitted that Maryland Casualty Company was the workmen’s compensation insurer of the defendant, Paul, Rice & Levy, Inc., but denied all the other material allegations of the petition.
After trial of the case the district judge for written reasons assigned, came to the conclusion that plaintiff was entitled to workmen’s compensation from August 18, to November 12, 1948, a period of twelve (12) weeks and two (2) days at the rate of $30 per week or a total of $368.57; that he had received $390.75 representing seventeen (17) weeks’ compensation at $22.75 per week; that he had therefore received the full amount claimable, and denied further compensation. The trial judge also concluded that plaintiff had proved a total medical bill of $193 on which there was a credit of $83 and a balance due of $110. Accordingly he rendered judgment against the defendants in solido in the amount of $110 for the balance due on the medical bill with legal interest and co-sts.
The plaintiff has appealed, praying for judgment in accordance with his original petition. In this court, defendants filed a motion to dismiss ,the appeal, averring that the appeal should have been by petition and citation rather than by motion alone for the reason that the judgment appealed from was rendered , and signed at a term different from that at which the trial of the case was had. ,
In oral argument and in brief, defendants now concede that the reason given in the said motion was made in error and is not urging the said reason. In oral argument and in brief, defendants now contend that the. said motion should be sustained for the reason that plaintiff, in his motion for the appeal, should have prayed for citation o-n the defendants and such citation should have been made on each of them. In other words, defendants now urge a different reason for sustaining the. motion to dismiss than as given in .the said motion.. Can they do so?
It is now well Settled that in a motion to dismiss an appeal the mover must specifically state the grounds upon which he bases such a -motion and no other facts can be considered. Not having alleged the grounds upon which they now depend, we are of the opinion that we cannot consider them for the reason that to do so would be ultra petitionem. The motion is in the following words .and phrases: “On, motion of Paul, Rice & Levy, Inc., and Maryland Casualty Company, defendants and ap-pellees, through their attorney, Welton P. Mouton, and on suggesting to the court that the devolutive appeal herein sought to be perfected by Samuel PI. Woodfin, plaintiff and appellant, should be dismissed for the reason that the same has been attempted by motion instead of by petition and citation as required by law. That the said devolutive appeal could only have been taken by petition and citation for the reason that the judgment appealed from was rendered and signed at a term different from that at which the trial of the case was tried.” The motion is clearly based on the alleged *309 reason that- the judgment appealed from had been rendered at a term different from that at which the trial of the case was had, a reason untenable as recognized by mover in his oral argument and in brief.
It may be contended by defendants that they are entitled to urge the present reason to sustain the said motion for the reason that in said motion it is stated that the appeal should have been requested by petition and citation rather than by motion or in other words by their first assigned reason. In answer to this contention, we say that the reason assigned is qualified and explained in the next sentence of the motion, otherwise it could be said to be vague and general. Such an averment standing alone is not stated with sufficient particularity to call for consideration and it is also a legal conclusion of the pleader.
For the foregoing reasons, we are of the opinion that the grounds now urged in oral argument and in brief by the defendants for dismissal of the appeal have not been pleaded to entitle defendants-appellees to the relief sought.
However, be that as it may, there is nothing to indicate that the motion was not signed in open court. Since there is no affirmative showing to the contrary, and since the motion was made and the order was signed at the same term of court and ■on the same day in which the judgment was rendered, it will be présuméd that the motion was made and the order granted in •open court and consequently the citing of appellees was not necessary. See McCann v. Todd, 201 La. 953, 10 So.2d 769; Labarre v. Rateau, 203 La. 802, 14 So.2d 642 and Perez v. Carbrey, La.App. 22 So.2d 76.
The motion to dismiss is denied.
On the merits it will be noted that plaintiff’s case is based on his own testimony and the testimony of his physician, Dr. ■Orien Dalton. The plaintiff testified positively that he sustained an automobile accident on August 18, 1948 while in the course and scope of his employment. That fact is established and apparently admitted by the defendants. It is also established and apparently admitted by the defendants that he. was thereafter treated by Dr. Orien Dalton and'that after some five (5) weeks of' treatment, Dr. Dalton found the following condition: “There have been slow progression' of the several factors which have culminated in Mr. Woodfin’s present chest asymmetry, (a) deviation of the lower sternum, (b) atrophy of the pectoral muscles of the right hemi thorax, (c) involuntary splinting of right throacic cage; (d) reciprocal flaring of the lower left costo-margin, and (e) right shoulder drop.”
Dr. Dalton testified further that the condition of the plaintiff was catised directly by his accident and that it was not a congenital defect. He testified further that in his opinion in view of the chest condition which developed - as a result of the accident, it is his opinion that plaintiff is “an apt candidate for a condition known as bronchiectasis, which is frequently a forerunner of .pulmonary tuberculosis”. Dr. Dalton, in effect, testified that the. respiratory condition of plaintiff resulting from his accident, is that he is subject to colds, and to other respiratory troubles, which he did not have prior to the accident and that necessarily he is not fit to pursue his former duties. Plaintiff’s testimony is in line with that of his attending, physician.
The defendants introduced the testimony of Drs. .Battalora and Berkett, orthopedic surgeons-. The testimony of these eminent orthopedics is to the effect that there was no bone pathology resulting from the accident. In that connection there is no dispute on the part of Dr. Dalton. Dr. Dalton bases his findings, not on bone pathology, but on injury to the tissues of the chest and to the 'nervous system of plaintiff caused by the accident.
In evaluating the testimony of Drs. Battalora and Berkett, we cannot give it much weight, because plaintiff is not complaining of any bone pathology. In no .wise do their testimony lessen the value of Dr. Dalton’s testimony and we must therefore give more weight to Dr. Dalton’s testimony.
The defendants further introduced the testimony of two private detectives or *310 investigators, who secretly followed the plaintiff for a period of approximately one week and who made moving pictures of his actions during that period. It is the testimony of these investigators that plaintiff would leave his home at about 7:30 A.M. and would make his calls as -salesman for General Mills, Inc., in a normal and energetic manner. It is the further contention of defendants that the pictures which were shown to the court corroborated the testimony of the investigators.
With reference to the two investigators’ testimony, and the moving pictures of plaintiff, we do not find much probative value. The testimony of the investigators and the moving pictures shows only that plaintiff, at times, was found to be getting in his car, driving and stopping his car, and calling upon his customers. Plaintiff has admitted doing these acts but complains of being in pain and of tiring easily.
Be that as. it may, the testimony shows that for the period of Sept. 22, 1947 to August 11, 1948 the plaintiff while working for Paul, Rice & Levy, Inc. in commissions and a weekly wage of $35 per week averaged approximately $69 per week, whereas as shown by Exhibit D-6, during the period from December 1948 to July 1949, his weekly average earnings based entirely on commissions, was $47.58. In other words, it is shown that his earnings subsequent to his injury were reduced to the amount of $21.42. It may be noted further that while working for Paul, Rice & Levy, Inc., the plaintiff was furnished an automobile, whereas while working for his subsequent employer, General Mills, Inc., he had to furnish his own automobile.
LSA-RS 23:1221, paragraph 3, provides: “For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not beyond three hundred weeks.”
We conclude from the evidence that the plaintiff has suffered a partial disability to do work of any reasonable character and is entitled to 65% of the difference between the wages at the time of injury arid the wages which he was able to earn thereafter during the period of his disability, not beyond three hundred (300) weeks; in other words 65% of $21.42 or $13.92 per week for a period not to exceed three hundred (300) weeks less the amount of $390.75 heretofore paid.
It may be noted that the plaintiff was paid compensation at the rate of $22.75 for seventeen (17) weeks. It is not explained how the amount of $22.75 was arrived at, nor how the period of seventeen (17) weeks was arrived at. It is shown that he was hurt on August 18, 1948 and that he went back to work on November 22, 1948 for General Mills, Inc., for a period of approximately thirteen (13) weeks. It is also shown that his wages entitled him to the maximum compensation of $30 per week for that period.
It may be noted further that at the time of the trial the plaintiff was employed by J. B. Delaney, in work similar to the work performed by him for Paul, Rice & Levy, Inc., and General Mills, Inc. There is no showing as to whether or not his wages or earnings were less than those obtained from his employer at the time of his accident and injury.
After reviewing this record, it is our conclusion that the evidence shows, that the plaintiff sustained a partial permanent injury, which has reduced his earning capacity at least to- the extent set forth hereinabove; probably more than' the amount set forth, because therein the automobile expenses are not taken into' consideration for the reason that there is. no evidence with reference thereto. We would have to speculate on that question, if we were to allow anything -for automobile expenses and possibly it is covered 'by additional allowance in the way of commissions. In any event it appears that from the comparison of plaintiff’s earnings-, while working for Paul, Rice & Levy, Inc.,, prior to his accident and his earning with-General Mills, Inc. subsequent to his accident, his capacity was reduced, which *311 reduced capacity was caused by his accidental injury.
For these reasons assigned, that portion of the judgment which denied plaintiff additional compensation is hereby reversed, annulled and set aside; and accordingly, it is now ordered that there be judgment in favor of plaintiff and against the defendants, in solido, granting unto plaintiff compensation at the rate of $30 per week for a period of thirteen weeks, and thereafter at the rate of $13.92 per week for a period of not exceeding two hundred eighty-seven (287) weeks, with legal interest on each past due weekly payment until paid, subject to a credit of $390.75. The judgment as thus amended is affirmed.