PONDER, Justice.
The plaintiff-appellee moves to dismiss the appeal in this case, alleging that the sus-pensive appeal granted therein should be dismissed because the bond of $250 given by the defendant is not sufficient to comply with the requirements of Article 575 of the Code of Practice. The amount of the judgment of the lower court is $13,200, plus interest and costs; therefore, the bond given does not exceed the amount of judgment by one-half as required by Article 575 of the Code of Practice.
The defendant-appellant concedes that the appeal bond is not sufficient to sustain a suspensive appeal but contends that the bond is sufficient to sustain a devolutive appeal and that, therefore, his appeal should not be dismissed.
The appellee contends that the appeal cannot he sustained as a devolutive appeal because the record shows that there was no prayer for or the issuance of a citation of appeal applied for or granted. While this contention is being urged in appellee’s brief, there is no mention of it in the motion he filed asking for the dismissal of the appeal. The appellant takes the position that, when the appellee appeared and asserted other grounds for the dismissal of the appeal, he waived citation.
Since the appellant concedes that he has no suspensive appeal in this case, the only question presented to us is whether or not the appeal should be sustained as a devolu-tive appeal.
We cannot entertain appellee’s contention relating to the citation of appeal because it is not urged in the motion to dismiss. It was held in Woodfin v. Paul, Rice & Levy, Inc., La.App., 52 So.2d 307, 308, that:
“It is now well settled that in a motion to dismiss an appeal the mover' must specifically state the grounds upon which he bases such a motion and no other facts can be considered. Not having alleged the grounds upon which they now depend, we are of the opinion that we cannot consider them for the reason that to do so would be ultra petitionem.”
Furthermore, the appearance of the appellee, urging other grounds for the dismissal of the appeal, is considered a waiver of the right to allege want of citation. Ray v. Marquez, La.App., 82 So.2d 786; Ducros Tile Co. v. Frey Homes, Inc., La.App., 54 So.2d 354; Succession of Williams, 156 La. 704, 101 So. 113.
It is well settled that there is only one appeal and that the character of the appeal is governed by the amount of the appeal bond and the time of its filing. There is no contention in this case that the bond was not filed within the time fixed by law or that the amount was not sufficient to sustain a devolutive appeal.
For the reasons assigned, the motion to dismiss the appeal is denied.