BARNETTE, Judge.
This is an appeal from a judgment in plaintiff’s favor in the sum of $594.93 against one of the defendants, Town and Country Real Estate Company, Inc. There was judgment in favor of the other defendant, Jeanne Gegenheimer, dismissing plaintiff’s petition as to her. Town and Country appealed suspensively. There is no appeal from that portion of the judgment dismissing plaintiff’s suit against the defendant Mrs. Gegenheimer.
At the conclusion of the trial on December 6, 1966, the court dictated into the transcript its reasons for judgment, and judgment was then rendered in the presence of all parties. On December 23, motion for appeal was filed and a suspensive appeal was granted (there is no motion nor order for devolutive appeal). Bond was ordered in accordance with law. The appeal bond in the amount of $1,000 was signed and filed on December 29. The judgment was signed and filed on Thursday, December 8. The three days for applying for a new trial, which was not applied for, expired on Tuesday, December 13. LSA-C.C.P. art. 1974. Therefore, the suspensive appeal, having not been perfected by the filing of bond until December 29, was one day late. LSA-C.C.P. art. 2123. The appellee has made no point of this defect, which the court will notice on its own motion. Accordingly, we hold that there is no valid suspensive appeal before us. Nevertheless, we will entertain the appeal as devolutive, since the law favors appeals and the requirements for a devolutive appeal have been met. This is notwithstanding the fact that the motion and order fail to include any mention of devolutive appeal. State ex rel. Cousin v. Louisiana State Board of Health, 138 So.2d 836 (La.App. 4th Cir.1962); Succession of Sagona, 134 So.2d 671 (La.App. 4th Cir. 1961); Kitchen Center, Inc. v. Treigle, 129 So.2d 95 (La.App. 4th Cir.1961) ; Ray v. Marquez, 82 So.2d 786 (La.App.Orleans 1955); Doll v. Dearie, 37 So.2d 61 (La.App.Orleans 1948).
This is a suit for the recovery of a balance of $594.93 alleged to be due for certain building materials, principally brick and mortar. These materials were sold by plaintiff and used in the construction of a house built for sale, under contract, to the defendant Jeanne Gegenheimer. The amount of the claim does not appear to be at issue. The only question is whether the materials were sold to the defendant Town and Country Real Estate Company, Inc., or to James Bryant, the contractor who built the house. The trial court, in its judgment of December 8, 1966, ordered the inscription of the plaintiff’s lien cancelled and erased from the records for the reason that it was not filed timely. There is no issue before us on that aspect of the case.
A purchase agreement was executed on May 18, 1964, on a printed form prepared by Town and Country Real Estate Company, *541 Inc., and used in its business. It provided for the purchase by Jeanne Gegenheimer of a house to be built on a specific lot, according to certain specifications, and for an agreed price. This contract contained a provision for a 6-percent commission to be paid the agent by the seller upon the mortgage loan being secured. It also obligated the parties to cooperate with Town and Country Real Estate Company, Inc., in securing the mortgage loan. The agreement was signed “Jeanne Gegenheimer,” under which signature was the following: “I/we accept the above in all its terms and conditions [signed] M. P. Miller Jr., T & C Construction.” It was not signed by any person purporting to act for Town and Country Real Estate Company, Inc.
As a matter of fact, neither Town and Country nor Miller, nor T & C Construction owned the lot in question at that time; and the substantial payments, made by Mrs. Gegenheimer under the contract before the transfer was assured, were without much protection.
On June 9, 1964, a purchase agreement of the property in question was entered into between Normandy Company, Inc., as owner and seller, and James Bryant, as purchaser. Bryant proceeded under contract to build the house on the property. With whom he had the contract is not entirely clear, but it is our opinion that he and Town and Country were working together on the completion of the project for ultimate sale to Mrs. Gegenheimer. The defendants did not call Miller or Bryant to explain their relationship with each other or with Town and Country. Miller was the principal owner of Town and Country, but in August, 1964, Anthony Golemi, an employee, acquired control. He said at about that time (August) : “ * * * we [not identified] were in the process of purchasing Town and Country Real Estate.” Golemi spoke of having to assume many unexpected obligations in taking over Town and Country.
Mr. Golemi acknowledged that Town and Country had no listing agreement for the sale of the property owned by Normandy, and he could not point to any agreement by which it was authorized to make the sale of the house and lot for a commission.
There is no doubt that Mrs. Gegenheimer dealt exclusively with Town and Country over the several months during which the house was under construction, and that they assumed responsibility for completion of the project. Her contacts were with Mr. Golemi, whose office she visited frequently.
The defense is based on the contention that any materials sold by the plaintiff for use in the construction of the house in question were sold to Mr. Bryant, the contractor. Town and Country contends that its relationship to all the parties was merely that of real estate agent. We must agree with the trial judge that Town and Country was much more than a real estate agency throughout this entire matter.
The materials sold by plaintiff were billed to Town and Country and substantial payments were made by Town and Country. Its explanation of this fact is that it was necessary to advance money to Mr. Bryant to assure the completion of the construction. Plaintiff’s credit manager, Carroll J. Bergeron, testified that Mr. Bryant was a poor credit risk and the materials would not have been delivered except on the credit of Town and Country. He stated that the materials were sold directly to Town and Country Real Estate Company, Inc.
Shortly after the completion of the sale to Mrs. Gegenheimer on March 19, 1965,. Mr. Bergeron made further demand of Mr. Golemi for payment. Mr. Bergeron was then told that the sale had been passed and that everything had been paid off. Upon hearing this, he complained that plaintiff had not been paid. He said Golemi replied: “ * * * we were not the contractor, Jimmie Bryant was the contractor.” This, Bergeron said, was the first notice plaintiff had that Town and Country disclaimed responsibility.
*542 The following portion of the trial judge’s reasons for judgment, we think, is borne out by the testimony; and we find no manifest error therein:
“The obligation under this agreement was for Town & Country to build this house whether they built it themselves or built it through Bryant or anyone else is immaterial. Mrs. Gegenheimer dealt with them, she dealt with them during construction, and the Court believes the testimony. The materials purchased for the construction of the house were charged to Town & Country Real Estate Company, and the bills were sent to them, and there is no evidence of any complaint or letter of protest that they didn’t owe these bills. On the contrary there is testimony that Mr. Golemi not only acknowledged them, but promised to pay the bills.
“The Court holds that Town & Country Real Estate Company, Inc. is the proper defendant and plaintiff is entitled to judgment. Insofar as the lien is concerned there is no evidence that it was timely filed. * * *”
Defendant’s counsel places considerable stress on statements made by Joseph J. Ward, a partner in the plaintiff company, and certain allegations in plaintiff’s petition. Mr. Ward made an affidavit in support of the materialman’s lien in which he said: “ * * * that Masonry Products Sales sold to Town and Country Real Estate Company for the account of James Bryant, contractor and builder, * * * certain building materials * * In the next paragraph he said: “That the said accounts represents [sic] building materials * * * sold and delivered to the said James Bryant * * (Emphasis added by defendant’s counsel.) In paragraph 5 of its petition, plaintiff states: “ * * * materials * * * were sold and delivered to the said Town and Country Real Estate Company, Inc. * * Paragraph 6 states: “That the above referred to purchases were made by Town and Country Real Estate Company, Inc. for the account of James Bryant, Contractor and Builder, * * Based on these statements, defendant urges an exception of no cause or right of action. We agree with the trial judge that there is nothing inconsistent or contradictory with plaintiff’s position, or in conflict with the proof offered. The evidence admitted did not go beyond the pleadings.
The issues presented are questions of fact, and we find no manifest error in the conclusions reached by the trial judge. This principle is so well established in our jurisprudence that citations of authorities are not necessary in support of affirmance in such cases.
The judgment appealed from is affirmed. The defendant-appellant is cast for all costs.
Affirmed.