216 So.2d 158 (1968)
LEVINGSTON SUPPLY CO., Inc., Plaintiff-Appellee,
v.
AMERICAN EMPLOYERS' INSURANCE COMPANY et al., Defendants-Appellants.
No. 7334.
Court of Appeal of Louisiana, First Circuit.
April 8, 1968.
On Rehearing November 12, 1968.
Rehearing Denied December 16, 1968.
Writ Refused February 24, 1969.
*159 Arthur C. Reuter, of Reuter, Reuter & Schott, New Orleans, for defendants and third party plaintiff-appellee.
Harvey C. Koch, of Beard, Blue, Schmitt & Treen, New Orleans, for third party defendant-appellant.
R. Boatner Howell, Jr., Baton Rouge for appellant.
Ashton L. Stewart, of Laycock & Stewart, Baton Rouge, for appellee.
Before LANDRY, REID and BAILES, JJ.
BAILES, Judge.
This action arises from a public school construction project in which plaintiff, a materialman, brought suit against Mickey Construction Company, Inc., (Mickey) the general contractor, American Employers' Insurance Company, (Employers') surety for the general contractor, and D & M Mechanical Contractors, Inc., (D. & M.) a subcontractor, for the price of certain plumbing and mechanical supplies and materials sold to D & M and used in the construction. Mickey and Employers filed a third party petition seeking judgment against D & M and its surety, United Bonding Insurance Company, third party defendants, for any amount for which they were held liable in the main demand. In due course the matter was tried and judgment rendered in favor of the plaintiff against the named defendants, in solido, and, in accordance with a stipulation in favor of the third party plaintiffs against the third party defendants for the full amount claimed with legal interest and attorney fees. All defendants, in both the principal and third party actions, were granted suspensive appeals from this judgment. The appeals were answered by the plaintiff in the main demand and the third party plaintiffs.
These appeals were not perfected in a timely manner. We will note the fact on our own motion and dismiss them. At the conclusion of the trial on May 9, 1967, judgment was rendered. That judgment was read and signed on May 11, 1967. Suspensive appeals were granted on May 29, *160 1967, and bond was fixed in the sum of $48,000.00. A bond in that amount was not filed until August 17, 1967.
Though suspensive appeals were granted, it is well settled that when the appeal bond is filed too late to suspend a judgment but within the time limits for a devolutive appeal, the appeal will be accepted and treated as devolutive. There is only one appeal recognized by our law; time limits and bond requirements only determine the character of that appeal. Mongrue v. Lancaster, 235 La. 1002, 106 So.2d 448; Masonry Products Sales v. Gegenheimer, La.App., 199 So.2d 539. The delay for taking a devolutive appeal in this case is prescribed by LSA-C.C.P. Art. 2087(1) as ninety days from the expiration of the three day delay for applying for a new trial if no such application has been timely made. Judgment was signed on Thursday, May 11th. Notice of judgment was not required since the judgment was rendered in open court at the conclusion of the trial, LSA-C.C.P. Art. 1913. The three day delay for applying for a new trial, from which holidays must be excluded, tolled on Tuesday, May 16th. During this period no application for a new trial was made. Thereafter, appellants had ninety days or until August 14th to perfect their appeals. The appeals were not perfected within this period; the joint bond was not filed until August 17th. We are therefore without jurisdiction in the case. Orrell v. Southern Farm Bureau Casualty Insurance Company, 248 La. 576, 180 So.2d 710. Moreover, since the jurisdiction of this Court never attached, the answers to the appeals are, of necessity, without effect.
Accordingly, the appeals are dismissed. Appellants are cast for all costs.
Appeals dismissed.

ON REHEARING
Before LANDRY, REID and SARTAIN, JJ.
SARTAIN, Judge.
We granted a rehearing in this matter because defendants-appellants in their applications attached affidavits showing that the bond was timely filed and the failure of the original record to reflect this fact was an inadvertent error on the part of the trial clerk of court. The bond having been timely filed the matter is now before us on appeal for full consideration.
Briefly stated, this is an action by Levingston Supply Company, Inc. (Levingston) under the provisions of LRS 38:2241 et seq., as furnisher of materials during the construction of South LaFourche High School, Galliano, Louisiana. The suit is against Mickey Construction Company, Inc. (Mickey), American Employers' Insurance Company (American), and D & M Mechanical Contractors, Inc. (D & M), mechanical subcontractors of Mickey, and their surety United Bonding Insurance Company (United).
On some forty-four occasions between the dates of November 1, 1965 through March 9, 1966, Levingston furnished D & M materials amounting to $27,328.82. Each delivery was accompanied by an appropriate statement and invoice and was allegedly signed by either an employee of D & M or when delivery was made directly to the jobsite on certain occasions the delivery was receipted for by an employee of Mickey.
Mickey and American filed a third party petition against D & M and United asking for judgment against the latter for any sums for which Mickey and American might be cast. At the commencement of the trial it was stipulated between Mickey and American on the one hand and D & M and United on the other that Mickey and American's third party petition would be good as to any amount for which said third party plaintiffs were cast. Though counsel for Mickey and American were present during the trial it was further stipulated that counsel for D & M and United would bear the principal responsibility for defense against Levingston's demands.
*161 The trial judge rendered judgment in favor of plaintiff and against the original defendants in the principal sum of $27,328.82 together with interest thereon at the rate of 5% per annum from April 9, 1966, and for the additional sum of 10% on the principal amount as attorney's fees. Relief on the third party petition was granted as prayed for. Each defendant, regular and third-party, has suspensively appealed from the aforesaid judgments.
Defendants have specified some seven errors which they claim were committed by the trial judge any one of which warrants a reversal. Collectively speaking these errors are (1) that plaintiff's suit is premature, (2) that plaintiff failed to prove its case by a preponderance of evidence, (3) that interest should have been granted from June 1, 1966 instead of April 1, 1966 and (4) that plaintiff should not have been awarded attorney's fees. We shall discuss these points in the order listed.
Defendants' claim of prematurity, originally urged by way of exception and overruled by the trial court, is based on the contention that in a public works contract a subcontractor, not being privy to the contract between the owner and principal contractor, cannot file a lien or make demand upon the prime contractor or its surety prior to the acceptance of the project by the owner and cites LRS 38:2242 and 38:2247. This same issue was resolved by us in Levingston Supply Company, Inc. v. D & M Mechanical Contractors, Inc., La.App., 211 So.2d 414 where for reasons therein stated we concluded that LRS 38:2247 does not require acceptance on the part of the owner as a condition precedence to demand for payment or the filing of a lien by a subcontractor. Said statute provides that the materialman "* * * shall record his claim as provided in R.S. 38:2242 or give written notice to said contractor within forty-five days from the recordation of notice of acceptance by the owner of the work or notice by the owner of default, * * *". The circumstances of this case clearly indicate that defendant, D & M, was in default and had failed to make any payments on its account with Levingston. Verbal demand on D & M for payment was made on February 4, 1966 and written demand was made on March 3, 1966. These demands having been to no avail Levingston executed a lien affidavit on April 19, 1966 which was recorded the next day in the mortgage records for the Parish of LaFourche. Duplicate originals were sent to the owner, LaFourche Parish School Board, Mickey and American on April 20, 1966 and to D & M on April 21, 1966. Demand for payment was requested of Mickey, American and D & M by letter dated April 19, 1966. When these aforesaid letters of demand produced no payments this action was filed on May 26, 1966. There is no question about the fact that the first forty invoices were clearly past due and had matured according to their own terms. However, defendants argue that invoices dated March 1, 4, 9 and 9, 1966 were not due until May 1, 1966 because the invoices contain the term "2% 10th prox net 30 days" which defendants interpret as meaning that they had until the tenth of the following month to take advantage of a 2% discount and until the end of the next month to make payment. Accordingly, they particularly urge that the invoices dated March 9, 1966 did not mature until June 1, 1966, and that the lien filed on April 19, 1966 was premature and therefore void and of no effect. The only evidence in the record concerning the accepted definition of the aforementioned term and its use in the industry was the testimony of the secretary-treasurer of Levingston and his testimony is to the effect that all statements are due at the end of the month in which the materials were delivered and the accompanying invoices dated. He further urges that the term has only to do with discounts and does not extend credit beyond thirty days. Under the particular facts of this case we must conclude that Levingston's claims had in fact matured, that proper and reasonable demand was made of D & M and that their lien was not prematurely filed. It is particularly significant to us that not one cash payment of *162 any amount was ever made by D & M throughout its entire transactions with Levingston. The only credits given D & M were for the return of certain materials and the correcting "credit memos".
We have carefully reviewed the record and are firmly of the opinion that plaintiff has in fact proved its case by a clear preponderance of the evidence. Each invoice of delivery of material by Levingston was properly identified and receipted for. Defendants contend that plaintiff's invoice #98071, dated January 17, 1966 in the amount of $757.41 was improperly admitted in evidence. The materials listed on this invoice were shipped directly from the manufacturer to the jobsite and were receipted for by Mr. R. Newell. Mr. Newell was not called as a witness and his signature was identified by Mr. Pittman, President of Mickey Construction Company. Counsel for D & M and United objected to the introduction of this invoice and the identification of the signature by Mr. Pittman. The invoice with an accompanying duplicate, bill of lading, freight bill and delivery ticket were admitted into evidence over this objection of counsel for D & M and United after plaintiff had rested its case and offered the aforementioned invoice and exhibits into evidence. The trial judge permitted plaintiff to call Mr. Pittman for the purpose of identifying the signature of Mr. Newell. The trial judge did not commit error in admitting this invoice and these exhibits because prior to the trial correspondence between counsel for Levingston and counsel for Mickey and American clearly indicated that the invoice and exhibits were acknowledged and recognized by defendant, Mickey. This letter was also introduced in evidence. The initial objection was not made by counsel for Mickey but by counsel for D & M. The record clearly shows that counsel for Mickey had agreed not to require the presence of any person whose signature counsel for Mickey recognized as authentic. With this understanding counsel for Levingston had every reason not to require the presence of Mr. Newell. Mickey Construction and its surety is bound by this stipulation. D & M and its surety having agreed to stand in the place of Mickey and its surety as third party defendants are likewise bound by Mickey and its surety's stipulation.
Defendants contend that the trial judge erred in decreeing that legal interest should commence to run from April 9, 1966 instead of June 1, 1966. This again reverts to the consideration of the meaning of the term "2% 10th prox net 30 days". The trial judge concluded that the invoice of March 9, 1966 and all previous invoices were due thirty days from the date of the last invoice. Under the particular facts of this case relative to the proof of the meaning of the aforementioned term we do not find that the trial judge was incorrect in his appreciation of the testimony and his ultimate conclusion that interest should commence to run thirty days after the date of the last invoice.
Lastly, defendants contend that plaintiff should not have been awarded attorney's fees as provided for in LRS 38:2246. They contend again that the account of D & M did not mature until May 1, 1966 and that the lien was filed within the thirty days allowed. They also contend that plaintiff should not have been permitted to recover for invoice #98071 and therefore did not recover the full amount of its sworn claim thereby precluding the recovery of attorney's fees. We concur in the trial judge's decision to award plaintiff judgment for the full amount of its sworn claim. Accordingly, plaintiff has fully qualified for attorney's fees under the pertinent section.
Levingston and Mickey and American have asked for damages for frivolous appeal by D & M and United. Levingston's claim in this respect is also directed to Mickey and Employers. Our appreciation of the record and the issues raised therein does not in our opinion warrant condemning any of the appealing parties for damages for a frivolous appeal. The basic issue raised *163 herein was similar to Levingston Supply Company, Inc. v. D & M, supra, and had it not been for the error in the record which caused us to initially dismiss this matter it would have been decided at the same time. We cannot say that the issues resolved in the first instant case should be construed to apply to this case and render this appeal frivolous.
For the above and foregoing reasons the judgment of the district court is hereby affirmed at the cost of appellants and in accordance with the demands of third party plaintiffs.
Affirmed.