PER CURIAM.
On Motion to Dismiss Suspensive Appeal
Plaintiff appellee filed a motion to dismiss defendants’ suspensive appeal on the grounds that it was not perfected within 15 days as required by LSA-C.C.P. Article 2123.
The judgment appealed was signed on March 18, 1969. A certificate of the clerk of court shows that on that same date, March 18, 1969, he mailed notice of the signing of the judgment to all attorneys of record, in compliance with LSA-C.C.P. Article 1913.
On March 25, 1969, defendants filed a motion for a new trial. This motion was not timely filed within 3 days, exclusive of legal holidays, after the clerk mailed the notice of judgment. See LSA-C.C.P. Article 1974. However, the court considered the issues raised and entered an order on April 11, 1969 denying a new trial. Nevertheless, the district judge stated in his written reasons that he did not think the application for a new trial was timely filed.
On April 18, 1969, defendants obtained an order for a suspensive appeal only, not a devolutive, conditioned on defendants furnishing bond in the sum of $45,000. The bond was furnished on April 21, 1969.
Since the application for a new trial was not timely filed, the 15-day delay for perfecting a suspensive appeal commenced at the expiration of the 3-day delay for applying for a new trial and terminated several days before the suspensive appeal was perfected. Therefore, the suspensive appeal was not timely perfected and must be dismissed.
Nevertheless, we will entertain the appeal as devolutive. Our jurisprudence under LSA-C.C.P. Article 2123 is established that where a suspensive appeal is dismissed as not timely perfected, it will be considered by the court as a devolutive appeal. This is true notwithstanding the fact that the motion and order failed to include any mention of a devolutive appeal. Levingston Supply Company, Inc. v. American Employers Insurance Company, La.App., 216 So.2d 158 (1st Cir. 1958); Masonry Products Sales v. Gengenheimer, La.App., 199 So.2d 539 (4th Cir. 1967) ; State ex rel. Cousin v. Louisiana State Board of Health, La.App. 138 So.2d 836 (4th Cir. 1962); Succession of Sagona, La.App., 134 So.2d *25 671 (4th Cir. 1961); Kitchen Center, Inc. v. Treigle, La.App., 129 So.2d 95 (4th Cir. 1961) ; Ray v. Marquez, 82 So.2d 786 (Orl. App.1955).
For the reasons assigned, the suspensive appeal is dismissed but the appeal will be entertained as devolutive.
Suspensive appeal dismissed, but appeal entertained as devolutive.
On Application for Rehearing.
En Banc. Rehearing denied.