ON MOTION TO DISMISS
Before SAVOY, HOOD and CULPEP-PER, JJ.
SAVOY, Judge.
This matter is before the Court on application of appellee to dismiss appellant’s suspensive appeal for the reason that it was not timely perfected, and that appellant be allowed to prosecute this appeal as a devolutive appeal.
On May 25, 1972, judgment granting plaintiff-appellee workmen’s compensation benefits was read and signed in open court. Defendant timely moved for a new trial, and its motion was denied in the presence of counsel for both parties on June 8, 1972. A Minute Entry to the effect that the new trial was denied was made. Notice of this interlocutory judgment was not requested and none was mailed. On June 22, 1972, defendant was granted an order for a sus- *565 pensive or, in the alternative, a devolutive appeal, returnable to this Court on August 22, 1972. On June 27, 1972, defendant filed an appeal bond for $5,000.00.
The delays for perfecting an appeal are fifteen days for a suspensive appeal, and ninety days for a devolutive appeal. Where there has been no request for notice of the denial of a new trial, the delays for appealing run from the denial. LSA-C.C.P. Articles 2087, 2123. As the denial of a motion for a new trial is an interlocutory judgment, it need not be in writing; a Minute Entry is sufficient. Kleinpeter v. Kleinpeter, 246 So.2d 240 (La.App. 1 Cir. 1971). In computing the period of time allowed or prescribed by law, the date of the event after which the period begins to run is not to he included. LSA-C.C.P. Art. 5059. Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465 (La.App. 3 Cir. 1962).
 The delays for perfecting an appeal in the instant case thus began to run on June 9, 1972. The delays for perfecting a suspensive appeal in this case expired on June 23, 1972. Since the suspensive appeal was not timely perfected, it must be dismissed for lack of jurisdiction. Home Insurance Company v. Southern Specialty Sales Company, 222 So.2d 649 (La.App. 4 Cir. 1969); Jackson v. Hannie, 225 So.2d 385 (La.App. 3 Cir. 1969). However, where a suspensive appeal is not timely perfected, the appeal may still be maintained as a devolutive appeal if the bond is filed and the order taken within the 90-day delay of LSA-C.C.P. Art. 2087. Jackson v. Hannie, supra; E. E. Rabalais & Son, Inc. v. United Bonding Insurance Company, 225 So.2d 23 (La.App. 3 Cir. 1969).
For the reasons assigned, the motion to dismiss the suspensive appeal is maintained, and appellant is granted the right to file a devolutive appeal.
Appeal dismissed as a suspensive appeal. Appellant allowed to file devolutive appeal.