CULPEPPER, Judge.
Plaintiff has moved to dismiss, as defective, a suspensive appeal taken by defendants from a judgment read, rendered, and signed on September 14, 1973. Defendants have registered an opposition to plaintiff’s motion to dismiss.
On the aforestated date, a certificate of notice of the final judgment was mailed to all persons interested in this case. No application for a new trial was filed by defendants. An application for a suspensive appeal was filed on October 4, 1973, the last of the fifteen days permitted for the taking of such an appeal. A court order was rendered that day, which conditioned the appeal upon the posting of a bond in the amount of $5,000. The appeal bond, however, was not filed until October 15, 1973. Subsequently, on November 20, 1973, an application for devolutive appeal was filed by defendants, as was a motion by plaintiff to dismiss the suspensive appeal.
The trial court ordered defendants to show cause on the third day of December, *660 1973, why the suspensive appeal previously ordered should not be dismissed. The trial court determined that the bond for the sus-pensive appeal was not timely filed in accordance with the provisions of Article 2123 of the Code of Civil Procedure. The trial court, likewise, found that appellant had lost his right to a suspensive appeal, but found that the appeal must be treated as a devolutive appeal as the appeal bond was filed within the delays for a devolu-tive appeal. The trial court, by reason of the pending appeal in this court, lacked jurisdiction and, therefore, refused to dismiss the suspensive appeal.
We agree with the trial court’s determination. In E. E. Rabalais & Son, Inc. v. United Bonding Insurance Company, 225 So.2d 23, 24 (La.App. 3rd Cir., 1969), we stated :
“Since the application for a new trial was not timely filed, the 15-day delay for perfecting a suspensive appeal commenced at the expiration of the 3-day delay for applying for a new trial and terminated several days before the sus-pensive appeal was perfected. Therefore, the suspensive appeal was not timely perfected and must be dismissed.
“Nevertheless, we will entertain the appeal as devolutive. Our jurisprudence under LSA-C.C.P. Article 2123 is established that where a suspensive appeal is dismissed as not timely perfected, it will be considered by the court as a devolu-tive appeal. This is true notwithstanding the fact that the motion and order failed to include any mention of a devol-utive appeal.” (Citations omitted.)
See also Joffrion v. Sears, Roebuck & Company, 266 So.2d 563 (La.App. 3rd Cir., 1972).
The suspensive appeal is dismissed, and the devolutive appeal is maintained.
Suspensive appeal dismissed; appeal entertained as devolutive.