291 So.2d 504 (1974)
Preston N. AUCOIN, Plaintiff-Appellee,
v.
Delores Marie WILLIAMS (Alfred), Defendant-Appellant.
No. 4564.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1974.
Fusilier, Pucheu & Soileau, by A. Gaynor Soileau, Ville Platte, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
CULPEPPER, Judge.
Plaintiff-appellee, Preston N. Aucoin, moves to dismiss the suspensive appeal of the defendant-appellant, Delores Marie Williams, on the grounds that the appellant failed to timely file her appeal bond, and that the amount of the bond was insufficient for a suspensive appeal.
The appellee, Preston N. Aucoin, obtained a judgment on December 6, 1973, for legal fees against the appellant, Delores Marie Williams, for the amount of $29,166.66, plus 7% interest per annum thereon from August 4, 1971, until paid. The appellant did not apply for a new trial. On December 17, 1973, the defendant was granted a suspensive appeal to this court upon her furnishing bond in the amount of $750.00. The appellant filed her bond on February 5, 1974, some 60 days after the rendition of judgment and long after the 15-day delay for perfecting a suspensive appeal. LSA-C.C.P. Art. 2123. The bond, however, was filed within the delay for taking a devolutive appeal, LSA-C.C.P. Art. 2087, and we therefore dismiss the appellant's suspensive appeal and reinstate her appeal as devolutive. Where the appeal bond is not filed within the delay allowed for a suspensive appeal, but is filed within the delay allowed for a *505 devolutive appeal, the appeal will be sustained as a devolutive appeal. This is true notwithstanding the fact that the motion and order of appeal failed to include any mention of a devolutive appeal. R. E. Rabalais & Son, Inc. v. United Bonding Insurance Company, 225 So.2d 23 (La.App. 3rd Cir., 1969); Joffrion v. Sears, Roebuck & Company, 266 So.2d 563 (La.App. 3rd Cir., 1972); Succession of Willie Garrett v. R. W. Garrett, 288 So.2d 659 (La. App. 3rd Cir., 1974).
Since we have dismissed the appellant's suspensive appeal, the question as to the sufficiency of the suspensive appeal bond is now moot.
For the reasons assigned, the appellant's suspensive appeal is hereby dismissed, and the appeal is maintained as devolutive.
Suspensive appeal dismissed, appeal entertained as devolutive.