SARTAIN, Judge.
This is on a motion to dismiss an appeal. The record is not lodged with us. However, we accept as correct the pertinent dates and facts as outlined in appellee’s motion which are as follows: Judgment in favor of appellee was signed in the district court on April 19, 1974, and notice of judgment was mailed to defendants-appellants on April 22, 1974. No motion for a new trial was applied for.
An order for a suspensive appeal was signed by the District Judge on May 20, 1974, and we assume the bond was filed on this date also because appellee makes no mention of the bond not having been filed.
Appellee contends that the delay for the taking of the suspensive appeal expired on May 10, 1974. C.C.P. Art. 2123. In support of this position appellee cites Malone v. Malone, 282 So.2d 119 (La.Sup.Ct., 1973); Southern Construction Co. v. Housing Authority of City of Opelousas, 250 La. 569, 197 So.2d 628 (1967); Arnold v. Arnold, 217 La. 362, 46 So.2d 298 (1950); and Fidelity Bank & Trust Co. of Slidell v. Pinewood Country Club, Inc., 250 So.2d 577 (1st La.App., 1971).
Defendants-Appellants assert in their response to the motion that they do not oppose dismissal of the suspensive appeal but *286 desire and are entitled to maintain their appeal as a devolutive appeal. With this contention we concur.
We have examined each of the authorities cited by appellee and conclude that they are not controlling here. It is well settled that appeals are favored in law and should not be dismissed on purely technical grounds. Further, it is equally well established that where a suspensive appeal is sought but the bond is not filed within the delays prescribed for the perfection of a suspensive appeal, such appeal will be considered by the court as devolu-tive in nature. Jackson v. Hannie, 225 So.2d 385, 388 (3rd La.App., 1969) and Levingston Supply Co. v. American Employers’ Ins. Co., 216 So.2d 158, 160 (1st La.App., 1968, writs refused 1969). In Levingston we stated:
“Though suspensive appeals were granted, it is well settled that when the appeal bond is filed too late to suspend a judgment but within the time limits for a devolutive appeal, the appeal will be accepted and treated as devolutive. There is only one appeal recognized by our law; time limits and bond requirements only determine the character of that appeal. Mongrue v. Lancaster, 235 La. 1002, 106 So.2d 448; Masonry Products Sales v. Gegenheimer, La.App., 199 So.2d 539. The delay for taking a devolu-tive appeal in this case is prescribed by LSA-C.C.P. Art. 2087(1) as ninety days from the expiration of the three day delay for applying for a new trial if no such application has been timely made. * * * »
Accordingly, for the above reasons, the motion to dismiss the appeal as suspen-sive is granted but said appeal shall be recognized and maintained as devolutive. The cost of this motion is to be borne by plaintiff-appellee. All other costs are to await a final determination on appeal.
Appeal dismissed as suspensive but maintained as devolutive.