WATSON, Judge.
MOTION TO DISMISS
The plaintiffs-appellees, George A. Gwat-ney, et al.[1], move to dismiss the appeal of the defendant-appellant, Joseph Edward Miller, for the reason that defendant’s sus-pensive appeal bond was not timely filed. The motion is opposed.
Plaintiffs initiated this suit to enjoin the defendant from utilizing his property in violation of certain restrictive covenants applicable to the subdivision in which defendant’s tract was located and in which plaintiffs resided. The trial court granted plaintiffs’ request for a preliminary injunction and a hearing on the merits for a permanent injunction was held on May 24, 1978. Judgment was signed granting a permanent injunction on September 1, 1978. Defendant then moved for and obtained a suspensive appeal on September 29, 1978; however, the suspensive appeal bond was not filed until November 16, 1978.
Plaintiffs now assert that defendant’s appeal must be dismissed since the suspensive appeal bond was not timely filed as provided under LSA-C.C.P. Article 2123[2]. Defendant opposes the motion and states that the bond was timely filed since he had not received notice of the signing of the final judgment and therefore, the delays for the filing of the appeal had not begun to run. In the alternative, defendant requests that his suspensive appeal be converted into a devolutive appeal since all costs have been timely paid.
When a case is taken under advisement, the delay for perfecting a suspen-sive appeal normally commences on the day *1135 after the clerk has mailed notice of the judgment. LSA-C.C.P. Articles 2123, 1974. A party then has thirty days from the expiration of the time afforded to request a new trial or to file for a suspensive appeal. LSA-C.C.P. Articles 2123, 1974.
In the instant case, the clerk’s certificate imprinted on the final judgment indicates that notice of this judgment was mailed to all parties on September 1, 1978. Although it has been held that a clerk’s certificate is not conclusively presumed to be correct in the face of conflicting evidence, Soileau v. Tri-State Mutual Insurance Co., 206 So.2d 716 (La.App.3rd Cir.1967), no such request has been filed in this case to correct the appellate record. Consequently, as the record now stands, the clerk’s certificate must be accepted as true.
Since the appellant herein is presumed to have received notice of the final judgment, the delays for filing suspensive and devolutive appeals had begun to run. Appellant had 30 days in which to perfect his suspensive appeal. Although he was granted such an appeal on September 29, 1978, the suspensive appeal bond was not filed until November 16,1978 (48 days after the appeal was granted). Therefore, this court is without jurisdiction to entertain the suspensive appeal.
However, since all costs in the court below have been paid, and since LSA-C. C.P. Article 2124 no longer requires that security be furnished in a devolutive appeal, plaintiff’s suspensive appeal is considered by this court as devolutive in nature. Where a suspensive appeal is sought but the appeal bond is not filed within the delay prescribed for the perfection of the suspen-sive appeal, that appeal will be sustained as a devolutive appeal, notwithstanding the fact that the motion and order of appeal failed to include any mention of a devolu-tive appeal. Aucoin v. Williams, 291 So.2d 504 (La.App.3rd Cir. 1974); Swan v. Clover Farm Creamery, Inc., 311 So.2d 285 (La. App.1st Cir. 1974).
For the reasons assigned, appellant’s sus-pensive appeal is dismissed at appellant’s cost; the devolutive appeal is maintained.
SUSPENSIVE APPEAL DISMISSED; DEVOLUTIVE APPEAL MAINTAINED.

. Plaintiffs are: George A. Gwatney, Raywood Baudoin, Walter Broussard, Cecil Chatman, Jr., Emile Choplin, Jr., Archie Cobb, III, Jeanette Francez, Karl Girouard, Lawrence Harry, Terry Hayes, Charles E. Humbird, James M. Jacques, Raymond Jeoffroy, William S. Menard, Steve Pearson, Alton Pitre, Charles Robinson, Kenneth Short and John Tufts, Jr.

. LSA-C.C.P. Art. 2123 provides that a suspen-sive appeal and the security furnished for such an appeal must be filed within 30 days from the time at which delays for filing such an appeal begin to run.