FORET, Judge.
MOTION TO DISMISS
The defendants-appellants, Troy E. Brewer and Sentry Insurance Company, have suspensively appealed from a judgment granting plaintiff-appellee an award of damages. This court issued a rule to show cause why this appeal should not be dismissed as untimely.
This is a suit for damages for personal injuries and medical expenses plaintiff-ap-pellee suffered as a result of an automobile accident. The case was taken under advisement, and the judgment signed on January 21, 1982. However, defendant-appellant never received by mail from the clerk, either a copy of the judgment or formal notification that the judgment had in fact been rendered.
After receiving a bill for court costs from the Clerk of Court, defendants-appellants contacted the Clerk of Court by telephone to inquire as to the judgment. On February 25, 1982, a copy of the signed judgment was forwarded to defendants-appellants. Motion for new trial was filed and denied on March 30, 1982. Motion for new trial was filed and denied in court on March 30, 1982. This judgment was filed on April 13, 1982, and this appeal was perfected on May 12, 1982.
Code of Civil Procedure Article 1913 states that when a case has been taken under advisement by the court notice of the signing of the final judgment therein shall be mailed to the counsel of record for each party. If a notice of judgment is not furnished as required, the delay for seeking an appeal does not ordinarily begin to run. Ouachita Equipment Rental, Inc., v. Dyer, 386 So.2d 193 (3rd Cir. 1980).
The defendant-appellant contends that since his appeal was perfected within 30 days of receipt of the judgment denying new trial, the appeal should remain a sus- *227 pensive appeal. However, since denial of new trial was made in court and defendant-appellant was not entitled to notice thereof under Code of Civil Procedure Articles 2123 and 1914, the appeal must have been made within 30 days of the actual denial in court.
Code of Civil Procedure Article 2123 requires that a suspensive appeal be perfected within 30 days of the court’s refusal to grant a timely application for a new trial. Since this appeal was perfected more than 30 days after the motion for new trial was denied, it is hereby converted into a devolutive appeal. Gwatney v. Miller, 365 So.2d 1133 (3rd Cir. 1978).
The motion to dismiss the appeal is denied and this appeal is hereby converted to a devolutive appeal.
SUSPENSIVE APPEAL DISMISSED; DEVOLUTIVE MAINTAINED.