COVINGTON, Judge.
ON MOTION TO DISMISS
Appellee, Delton H. Cason, seeks the dismissal of the suspensive appeal of the defendant, Diamond M Company, because of the alleged untimely filing of the appeal bond.[1] The motion is opposed.
The record reflects that this suit commenced as a petition for damages for personal injuries suffered by plaintiff in an accident which occurred while he was working on a vessel owned by defendant Diamond M, under the supervision of Union Oil Company, which was also sued as a defendant.
The suit was tried to a jury beginning on July 6, 1981, and a verdict was rendered on July 9, 1981, in favor of plaintiff, finding negligence on the part of both defendants. *109 Several matters not submitted to the jury were, by stipulation of all parties, submitted to the trial court for decision. Union orally requested notice of judgment, but Diamond M did not make any request for notice.
Judgment was signed September 2, 1981, based on the jury’s verdict, and all matters previously submitted to the court were either ruled on or, in the absence of a favorable decision, were held to be dismissed. Notice of judgment was mailed to all parties on September 4, 1981, and on September 11, 1981, Union moved for a new trial. A hearing on whether a new trial should be granted was held on November 20, 1981, at which time, with all parties present, the trial judge granted a new trial to Union, limited solely to the issue of Union’s negligence. At that time Diamond M also requested a new trial, which was denied; however, the court held the judgment of the first trial in abeyance pending the outcome of the second trial.
On January 14, 1982, a second jury trial was held; and no negligence on the part of Union was found: hence, Diamond M was required to bear the entire damages awarded at the first trial. Diamond M was not a party to the second trial, and did not request notice of judgment. The judgment of the second trial, in accordance with the jury’s verdict, was signed on February 2, 1982, wherein the court incorporated all elements of the September 2, 1981 judgment which were not inconsistent therewith, and made them part of the judgment.
On March 2, 1982, Diamond M Drilling Company filed a petition for appeal and obtained an order granting a suspensive appeal “upon defendant furnishing bond with good and solvent security, conditioned as the law directs.” On March 29, 1982, Diamond M Drilling Company filed its surety bond.
Appellee asserts that Diamond M’s appeal must be dismissed because the suspensive appeal bond was not timely filed as provided under LSA-C.C.P. art. 2123. Appellant opposes the dismissal and states that the bond was timely filed since it had not received notice of the signing of the judgment and, therefore, the delays for the filing of the suspensive appeal had not begun to run. It is the contention of Diamond M that the delays did not begin to run until notice of judgment was given because the first trial was taken under advisement, the issue of prejudgment interest was taken under advisement at the second trial, and notice of judgment was requested by its co-defendant, Union.
The second trial was limited strictly to the issue of liability of Union. When the jury returned the verdict specifically to the effect that no negligence was found on the part of Union, there were no issues for the trial court to take under advisement, all previous matters having been determined by the first jury trial and by the trial judge. At the second trial, the judge took no matters under advisement. No request for notice of judgment was made at the second trial.
Under the Code of Civil Procedure, notice of judgment is required only if a party has requested it, or if the case is taken under advisement; the notice of judgment is not required in any other instance which might apply here. LSA-C.C.P. art. 1913. Since the appellant herein did not ask for a new trial from the judgment of the second jury trial and was not entitled to notice of judgment, the delays for filing a suspensive appeal began to run of February 10, 1982. Appellant had 30 days in which to perfect its suspensive appeal. Although Diamond M was granted a suspensive appeal on March 2, 1982, the suspensive appeal bond was not filed until March 29, 1982, which is not within the 30-day delay period.
Therefore, this Court is without jurisdiction to entertain the suspensive appeal. See Gwatney v. Miller, 365 So.2d 1133 (La.App. 1st Cir.1978).
Accordingly, the suspensive appeal of Diamond M is untimely since the bond was not filed prior to the deadline for perfecting *110 such as appeal from the February 2, 1982, judgment.[2]
MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.

. Plaintiff brought the matter before the Court on a rule to recall the suspensive appeal order, which is in the nature of a motion to dismiss the suspensive appeal.

. There has been no motion to dismiss the devolutive appeal and the appellee’s motion is limited to the suspensive appeal, so the case is still before this Court as a devolutive appeal.