## ARONOWITZ v. DULITZ

———

(December 16, 1929. Opinion and Decree.)

———

Leon Levitan, of New Orleans, attorney for plaintiff, appellee.

H. W. Kaiser & J. H. Hammel, Jr., of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. Plaintiff sued defendant for the sum of $700, the alleged balance due under a written lease between plaintiff and defendant. The petition alleges that the lease was signed on February 9,

1924, and covered the premises No. 754 South Rampart street, this city; that it was for a term of 19 months, commencing March 1, 1924, and ending September 30, 1925, at a rental of $125 for the first seven months and $150 per month for the remainder of the term of the lease; that the defendant paid the rent through January, 1925, and was delinquent in the payment of the amount of $150 due for each of the months of February and March, 1925, and that therefore the balance of the rent notes became due under a provision in the lease to the effect that failure to pay any one installment matured the other installments; that in violation of the terms of the lease the defendant abandoned the premises during the early part of March, 1925; that with the consent of the defendant the premises were rented to a third party under a written lease commencing May 1, 1925, at a rental of $100 per month, to minimize the loss, and that there was therefore due plaintiff the sum of $1,200, less a credit of $500, the rent which was to be paid by said third party for the months of May, June, July, August, and September, leaving a balance due plaintiff of $700, and 10 per cent attorney's fees as provided in the lease.

Defendant answered admitting the signing of the lease and rent notes, and that the property had been leased to a third party, but denying liability on the ground that on or about March 1, 1925, plaintiff and defendant entered into a verbal agreement whereby plaintiff canceled the remainder of the lease and rent notes in consideration of the defendant surrendering certain furniture and fixtures in the premises, and permitting plaintiff to take possession of the premises and to rent them for plaintiff's own account.

There was judgment in favor of plaintiff as prayed for, and defendant has appealed.

The sole issue in this matter is one of fact.

It appears that defendant left the premises in the early part of March, and that there were some negotiations between the plaintiff and defendant relative to the rent that was due plaintiff by the defendant. Defendant, after stating that he was unable to pay the rent, was notified by plaintiff's attorney on March 11, 1925, that the premises would be rented to a third party for the sum of $75 per month in order to minimize the loss, and invited defendant to try to secure a tenant who would pay more than $75 a month for the property. Defendant did not secure a tenant, and plaintiff then located a tenant who agreed to pay the sum of $100 a month rental for the premises, and signed a lease on April 1, 1925. Plaintiff then stored the fixtures and effects of defendant and filed suit against the defendant on April 9, 1925, for the balance of the rent, as hereinabove stated.

The answer of the defendant pleads a special defense, and therefore the burden of proving this special defense by a preponderance of evidence was upon the defendant.

We have carefully read the record and are satisfied that there was never any meeting of the minds of the parties on the alleged oral agreement whereby the lease was to be canceled.

The record shows that the defendant attempted to have plaintiff accept a proposition to cancel the lease in consideration of the transfer of the fixtures and furniture in the building, but plaintiff never agreed to this.

The judge of the trial court rendered judgment in favor of plaintiff, and, as the record does not disclose any manifest errors, the judgment is affirmed.