LOTTINGER, Judge.
This is a suit on an open account, wherein the plaintiff hospital sues for $578.75. From judgment in favor of the plaintiff, the defendant has appealed.
The record points out that the defendant’s wife was admitted to Terrebonne General Hospital, which is the hospital operated by the plaintiff corporation, on November 10, 1968, and discharged on November 20, 1968. During this period of time, the amount owed the hospital was $631.50, and a $100.00 deposit reduced this balance to $531.50. The defendant’s wife further received out patient services at the hospital during the months of November and December of 1968 for a total of $20.00. This amount was not paid.
On August 19, 1969, the defendant’s wife was again admitted to the hospital, and remained until September 14, 1969. The total charges for this period of time were $779.-60, and the defendant paid $752.35.
The defendant contends that on September 14, 1969, he wrote a check to the hospital for $752.35 which check provided on the back “Paid in full including 9/14/69. In accepting this check, we hereby agree that this is entirely out of line”. The defendant contends that under the theory of accord and satisfaction, the entire indebtedness due the hospital has been satisfied.
It is interesting to note that when a copy, both front and rear of the check in question was attempted to be introduced into evidence, plaintiff’s attorney objected on the grounds that the original check was the best evidence. The Court upheld this objection. The Court provided in its ruling that if defense counsel would produce and show the original check to plaintiff’s attorney, and a stipulation was prepared concerning the check, then the Court would accept this stipulation. Nowhere in the record do we find the original check nor do we find any stipulation between plaintiff and defense counsel concerning the check.
The defense of accord and satisfaction is an affirmative defense and the party who asserts this defense shall be held to the strict proof thereof, LSA-C.C.P. 1005; Walton v. Roy, 229 So.2d 215. He who pleads a special or affirmative defense has the burden of proving such defense by a preponderance of the evidence. Aronowitz v. Dulitz, 12 La.App. 59, 125 So. 292.
From the testimony of Mr. Cunningham, we are convinced that when he purportedly gave the hospital the check for $752.35, and purportedly marked the back of the check as above cited, he was. not intending to affect the amount of money owed from the November 1968 visit of his wife to the hospital. Besides that fact, we do not find that Mr. Cunningham has carried the burden of proof as far as the defense of accord and satisfaction because nowhere in the record of this case, other than a copy of the check, which was not admissable, do we find any proof of any language which would lead us to believe that a compromise was agreed to between Mr. Cunningham and the plaintiff.
Therefore, for the above and foregoing reasons, we find no error in the judgment of the Trial Court, and therefore affirm same. All costs of this appeal are to be paid by defendant-appellant.
Judgment affirmed.