HALL, Judge.
Plaintiff-lessor brought suit against defendant-lessee to recover the sum of $600 alleged to be due under the acceleration clause of a one year lease by virtue of defendant having failed to pay the rental provided for in the lease. Defendant answered admitting execution of the lease and nonpayment of the rental as alleged, but alleging that certain vices and defects, particularly in connection with the sewer system, rendered the leased dwelling uninhabitable. Defendant reconvened, praying that the lease be declared terminated, praying for damages alleged to have been caused by the vices and defects, and praying for civil penalties as provided by the Federal Consumer Credit Protection Act.
After trial, the city judge rendered judgment in favor of plaintiff for $350 (stipulated to be the amount of rental due since plaintiff subsequently leased the premises to another party), and rejecting defendant’s reconventional demands. Defendant appealed. We affirm the judgment of the city court.
Plaintiff leased to the defendant a dwelling in an older section of Shreveport for a term of one year commencing July 15, 1972, and ending July 14, 1973, at a rental of $150, payable monthly in advance. The lease provides that if the lessee fails to pay any one month’s rent at maturity, all the unmatured rent shall become due and exi-gible, at option of the lessor.
Defendant vacated the leased premises on about March 15, 1973, and did not pay the rent due on that date or thereafter. On March 24, 1973, defendant advised plaintiff by letter that he had vacated the house and had bought another home. The letter further brought to plaintiff’s attention that the sewer system at the leased premises was in need of repair and had been since November, the sewer line being open and draining in the backyard and under the house.
Defendant and his wife testified that in November the sewer line was blocked and sewage backed up into the sink, commode and washing machine in the house. They notified plaintiff and on December 8 a *486 plumber came to the house to see about the situation. He knocked a hole into the tile sewer line in the backyard and attempted to clear the line out. After working awhile, the plumber said he could not correct the situation and would have to talk to plaintiff and work something out and come back later. The plumber put a piece of metal over the hole in the pipe and covered the pipe with some dirt before he left.
Defendant and his wife testified that within a few days sewage began to seep out of the ground in the backyard from the hole in the pipe. From that time on, the backyard remained damp with leaking sewage causing a very bad odor. On one occasion the sewage backed up into the washing machine and ruined a load of clothes defendant’s wife was washing. In spite of numerous complaints to plaintiff, nothing further was done about the situation so defendant made other arrangements and moved out on March 15.
The plumbers who testified refuted defendant’s testimony. They testified that on December 8 they cleaned out the sewer line and sealed up the hole in the pipe with a piece of metal cemented to the pipe. They testified they completed the job and the sewer line was working satisfactorily when they left. The plumbers testified it would be impossible for sewage to back up into the washing machine as testified by defendant’s wife because of the height of the washing machine above the sewer pipe and the manner in which the drain from the washing machine fit. loosely into the pipe leading to the main sewer pipe.
Plaintiff’s testimony was also contradictory to that of defendant in several respects. Plaintiff testified that when the complaint about the sewer line was made he sent the plumber out to do the work and that no further complaints were made by defendant. Plaintiff testified defendant never complained about sewage in the backyard or about a bad odor and that defendant never advised plaintiff that he was considering vacating the premises. The first plaintiff knew about all this was when he received the letter nearly two weeks after defendant moved.
Resolution of this factual dispute depends primarily on an evaluation of the creditability, reliability and accuracy of the witnesses who testified. The trial judge found defendant failed to carry his burden of proving the facts on which his defense and reconventional demand were based. Our review of the evidence does not convince us that the trial judge committed manifest error and we affirm his conclusion. Defendant’s evidence falls short of establishing defects of a nature serious enough to warrant cancellation of the lease or that the lessor was given reasonable notice and opportunity to correct such defects as may have reappeared after an initial effort to repair.
Defendant contends that the lease contract was a consumer credit transaction governed by the Federal Consumer Credit Protection Act, 15 U.S.C.A. § 1601 et seq., and that plaintiff failed to comply with the disclosure requirements of that Act subjecting him to the civil liability provided by Section 1640 of the Act. We hold that a lease of real estate for a one year term providing for a monthly rental and containing an acceleration clause in the event of nonpayment is not a consumer credit transaction governed by the Federal Consumer Credit Protection Act.
For the reasons assigned, the judgment of the city court is affirmed at appellant’s costs.
Affirmed.