HALL, Judge.
After the defendant-lessee vacated the leased premises four months prior to the end of the five -year term of the written lease, the plaintiff-lessor filed suit to recover rent for the remaining four months, the cost of repairing the roof allegedly damaged by the defendant, and the cost of *452 cleaning the building after it was vacated. Defendant denied any liability and as special defenses alleged that plaintiff had verbally agreed to an early termination of the lease and also that defendant was justified in cancelling the lease because a leaking roof rendered the premises unfit. After trial the district court held for defendant, finding that plaintiff had failed to carry his burden of proof in that (1) no evidence was presented showing that the four-months rent had not been paid; (2) no evidence as to the extent of damage to the roof or the cost of repair was presented other than the testimony of plaintiff which was rebutted by defendant; and (3) no evidence was presented as to the need for cleaning the leased premises or the cost of the cleaning. Plaintiff appealed.
The findings of the district court were correct as to the damage to the roof and cost of cleaning the premises. The finding of the district court was incorrect as to proof that the four-months rent had not been paid. Defendant’s president testified under cross-examination that the defendant company vacated the premises prior to the end of the five-year term of the lease, leaving four months rent unpaid.
The issues on appeal, then, are whether defendant established either of its special defenses, that is, whether plaintiff agreed to an early termination of the lease, or whether defendant was justified in vacating the premises and cancelling the lease because of the condition of the premises. The trial court made no findings with respect to these issues.
As to the first issue, defendant argues that parol evidence was admissible to prove its verbal agreement with the plaintiff that the corporation could cancel the lease upon completion of its new building. Defendant argues that when plaintiff failed to object to the introduction of parol evidence, he waived any objection thereto, and that a written lease may be terminated by oral agreement because a lease does not have to be in writing. Plaintiff contends that parol evidence is not admissible to vary or alter the terms of a written instrument, that the written lease itself provides that it shall not be modified or altered except in writing, and that, in any event, the evidence was insufficient to establish an agreement for early termination of the lease.
Regardless of whether parol evidence should have been admitted, which this court need not decide, defendant’s evidence fell short of establishing a firm agreement by the plaintiff that the defendant could terminate the lease prior to the expiration of the lease term.
The written lease was for a five-year term ending May 31, 1978; the rental was $750 per month. The defendant operated an automobile dealership in the leased premises. Defendant’s president, Mike McKean, testified that about the middle of 1977 he advised the plaintiff he was planning to build a new building for his dealership and requested that plaintiff agree to allow him to terminate the lease upon completion of the new building, expected to be about January 1978. McKean testified that plaintiff agreed to the early termination provided defendant would waive its option to renew the lease, which McKean agreed to do. McKean had his attorneys prepare an amendment to the lease reflecting this agreement but when he presented it to plaintiff, plaintiff said that he had changed his mind and refused to sign it. When defendant’s new building was completed, in January 1978, it vacated the premises.
Plaintiff, on the other hand, testified that although he discussed the matter several times with McKean and was inclined to agree to an early termination of the lease, he never did so. Plaintiff testified he did not think the building would be completed by January 1978, he wanted certain notice provisions concerning the termination of the lease, and he wanted to be sure that McKean had paid him everything he owed him on another obligation. Plaintiff testified he told defendant that when defendant was ready to vacate the premises to come talk to him about it.
Defendant-lessee pleads a special defense when it denies liability for rental payments on the ground that plaintiff and *453 defendant entered a verbal agreement for an early termination of the lease. Aronowitz v. Dulitz, 12 La.App. 59, 125 So. 292 (Orl. Cir. 1929). The defendant who pleads a special defense bears the burden of proving it by a preponderance of the evidence. Aronowitz v. Dulitz, supra; Harmon v. Lumbermens Mutual Casualty Company, 247 La. 263, 170 So.2d 646 (1965); Hospital Corporation of the Sisters of St. Joseph v. Cunningham, 261 So.2d 318 (La.App. 1st Cir. 1972).
In the instant case, the only evidence offered in support of the special defense is the uncorroborated testimony of defendant’s president. This testimony, which was denied by plaintiff, is insufficient to establish a firm agreement for termination of the lease prior to the expiration of its stated term.
Defendant urges that McKean’s testimony was corroborated by a letter demanding payment of the rent written by plaintiff’s attorney after the defendant vacated the leased premises. The letter contains a statement to the effect that plaintiff agreed to an early termination of the lease “under certain conditions.” This after the-fact communication by plaintiff’s attorney does not corroborate the existence of a firm agreement. It has little probative value and, if anything, indicates that any agreement reached was conditional. Defendant has failed to sustain its burden of proof with regard to the alleged verbal agreement.
As to the leaking roof, it was established by the testimony of defendant and one of his employees that the roof of the building leaked from time to time after rains. Photographs offered into evidence, taken after the building was vacated, showed some evidence of roof leaks. It was established that plaintiff put on a new roof before the building was occupied by a new tenant. Plaintiff conceded that from time to time defendant made complaints about the leaking roof and that he responded with efforts to repair the roof, which admittedly were not entirely successful. There was a leak in defendant’s office, but the worst leak was in the shop area.
Under the express terms of the lease the lessor was obligated to repair and maintain the roof of the leased building. LSA-C.C. Art. 2692 obligates the lessor to “maintain the thing in a condition such as to serve for the use for which it is hired.”
Although the evidence establishes a continuing problem with roof leaks after rains, the evidence does not establish that the problem was of a particularly serious nature or that it seriously interfered with the use of the premises. While the leaking roof may have been one of the factors motivating defendant to build a new building, it is not shown that it was a prime factor or that defendant ever made a serious issue of the leaking roof prior to vacating the premises. The evidence falls short of establishing that the building was unfit for its intended use. Defendant was not justified under the circumstances in unilaterally abrogating the lease and vacating the premises. Reed v. Classified Parking System, 232 So.2d 103 (La.App.2d Cir. 1970), writ denied 234 So.2d 194 (La.1970); Inabnett v. Pruett, 229 So.2d 150 (La.App.2d Cir. 1969); Guillot v. Morgan, 165 So.2d 330 (La.App.2d Cir. 1964).
Having failed to establish its special defenses the defendant is responsible under the terms of the written lease for the stipulated $750 per month rent for the four months which remained on the term of the lease. Accordingly, the judgment of the district court is reversed insofar as it rejected plaintiff’s demands for unpaid rent. There is judgment in favor of the plaintiff, B. Evan Robinson, against the defendant, Mike McKean, Inc., for the sum of $3,000, together with legal interest on each monthly rental installment from the date it became due until paid, and for all costs of this proceeding, including the cost of appeal.
Reversed in part and rendered.