KLEES, Judge.
On March 25, 1977, plaintiff-appellant, James F. Nash, Sr., orally agreed to lease the premises at 6224 North Rampart Street in New Orleans, Louisiana from Defendant, Floyd S. La Fontaine, beginning April 1, 1977, at a rate of $75.00 per month. A rent deposit of $50.00 was paid by Nash to La Fontaine and Nash thereafter moved into the premises.
Nash claimed that he began to smell a foul odor about two weeks after moving into the residence. He contacted the Board of Health who sent a Mrs. Harris to investigate. Mrs. Harris discovered some standing water and a broken pipe but did not notice any odor.
The defendant was notified about the problem and sent a plumber to the residence to repair the broken pipe.
*785 The plaintiff-appellant vacated the premises on June 17, alleging that the odor caused him to leave.
A suit was then filed seeking the return of his deposit, damages, and attorney fees under R.S. 9:3251 et seq., and damages under R.C.C. Articles 2692-2695 and 2322. Plaintiff also claimed that the defendant violated the Louisiana Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401 et seq. Defendant answered and filed a reconventional demand seeking damages for the deterioration of his rental property.
Trial on the merits was held and judgment was rendered in plaintiff’s favor, but only on his claim under R.S. 9:3251 et seq. for the return of his $50.00 rent deposit, $200.00 in statutory damages and $500.00 in attorney fees. His other claims were rejected and the reconventional demand was dismissed.
The plaintiff appeals from this judgment renewing his claims under C.C. Art. 2692-2695 and 2322 and seeking an increased attorney fee. He has apparently abandoned his claim under the Consumer Protection Law. Defendant has neither appealed nor answered the appeal.
The trial court rejected the plaintiff-appellant’s claim under RCC Art. 2692 that the defendant failed to provide him with a place fit for its intended use and that his peaceable possession was disturbed.
The burden which rests upon the plaintiff to prove such claims is that the problem or defect complained of was of a nature serious enough to warrant cancellation of the lease or that the lessor’s actions seriously disturbed the lessee in his possession and full use and enjoyment of his premises. Berry v. Thompson, 297 So.2d 484 (La.App.2nd Cir. 1974); Robinson v. McKean, Inc., 389 So.2d 451 (La.App.2nd Cir. 1980); and Broussard v. O’Bryan, 270 So.2d 127 (La.App.3rd Cir. 1972) writ denied 272 So.2d 374 (La.1972).
In Freeman v. G. T. S. Corp., 363 So.2d 1247 (La.App. 4th Cir. 1978), this Court held that the trial judge had properly concluded the premises were totally unsuitable for occupancy by the tenant, where it was undisputed that serious leaks existed in the roof causing ceiling damage and falling plaster and all efforts by the landlord to correct the problem were futile. McCrory Corp. v. Latter, 331 So.2d 577 (1st Cir. 1976), cited by appellant involved a pipe located in the basement area adjacent to the property bursting and causing considerable water damage to plaintiff’s stock, supplies, and equipment. This again was a substantial defect causing serious damage.
Whether or not the defendant breached his obligation under Art. 2692 and “constructively evicted” the plaintiff was a decision based upon conclusions drawn from the facts and a credibility evaluation of the witnesses. Such a result as the one reached in this case, i.e., that Mr. Nash failed to meet the burden of proof incumbent upon him as the plaintiff, cannot be reversed by this court if the record supports the reasonable inference of fact and reasonable evaluations of credibility made by the trial court. Canter v. Koehring Co., 283 So.2d 716 (La. 1973).
Here the plaintiff testified that the odor was so severe that it forced him to leave the premises. However, he lived in the home for approximately nine weeks after he first became aware of the odor. Asked if he complained about the odor, he said he sent defendant a note “with one of the checks asking him to repair it”. He also testified that the odor would not be noticeable when the fan was on. His own witness, Mrs. Harris, the city inspector who examined the broken pipe, indicated that she could not recall smelling any odor when she examined the premises. Finally, Mr. Nash admitted that his neighbor in the “shotgun” double, Mrs. Johnson never complained of any odor or felt the need to move from the premises.
Thus, the record clearly demonstrates that there either was no odor, or, if there was any, it was not of a serious nature.
Plaintiff’s case was based primarily on his own testimony which the trial judge *786 apparently did not believe. Such a credibility call by the trial court will not be disturbed on review in the absence of manifest error.
The claims of the appellant under Articles 2695 and 2322 were also rejected by the trial court.
Here again the trial judge found that the plaintiff failed to meet his burden of proof and these findings will not be disturbed by this court on review. Arceneaux v. Domingue Insurance Co., 365 So.2d 1330 (La.1978).
Appellant contends that the attorneys fees awarded in this matter were inadequate.
In Sokol v. Bob McKinnon Chevrolet, Inc., 307 So.2d 404 (La.App. 4th Cir. 1975) this court recognized the following as factors to be considered when determining an award for attorney fees:
“There are many factors which enter into the fixing of an attorney’s fee. While there is no specific formula and each case rests on its own facts, generally, the considerations are: The responsibility incurred; the extent and nature of the work performed; and the legal know-how, attainments and skill of counsel. Expert testimony may be used as a guide but it is not necessarily controlling. Of particular importance here is the rule that where the services are rendered under the eyes of the court, the trial judge is fully able to estimate and adjudge the value thereof.”
The present case only requires that this court consider whether the attorney fees awarded under R.S. 9:3253 were reasonable. The other claims, having been unsuccessful, do not lend themselves to consideration by the court.
In his reasons for judgment the trial court stated ...
“... and I’m going to assess the attorney’s fees based upon the nature of the case and the importance of the case and the amount of time counsel spent in preparing this type of case, this is not a trial for a million dollars in Civil District Court therefore I feel $500.00 is adequate attorney fees...”
It is quite clear that the trial judge considered the facts of this particular case and the factors set out by this Court in Sokol v. Bob McKinnon Chevrolet, Inc., supra.
The trial judge has considerable discretion in the area of awarding attorney fees and since the present case does not indicate an abuse of that discretion the award of $500.00 for attorney fees should be affirmed.
Accordingly, for the reasons expressed herein the judgment of the trial court is affirmed.
AFFIRMED.